RUSSELL, Judge.
This case involves post-divorce litigation.
The parties were divorced on July 5, 1983, by decree of the Circuit Court of Montgomery County. Custody of the minor child was awarded to the wife; property was divided, and the husband was ordered to pay $150 per month in child support, increasing to $175 per month on July 1, 1984.
During 1983 and 1984, the former wife filed three citations for contempt, as well as motions for emergency hearings, regarding the refusal of the husband to follow the property settlement and to pay child support, and the former husband filed a petition for writ of habeas corpus, claiming that he had been denied visitation with the child.
The record is devoid of further action until the filing of a citation for contempt by the former wife on April 7, 1989. Following an ore tenus proceeding, the trial court assessed the arrearage at $1,596.20, made no finding of contempt, and awarded an attorney’s fee of $250, which was subsequently vacated pursuant to Ala. Code 1975, § 30-2-54 (1989 Repl.Vol.). Motions to reconsider, responses, and a petition to reduce child support were then filed. The trial court issued a new income withholding order and dismissed the petition to reduce child support.
On August 23, 1989, the former husband refiled his petition for reduction of child support (or for modification). The- circuit court then vacated the earlier attorney’s fee awarded during the contempt action; awarded the former wife’s attorney a $200 fee for defending the former husband’s petition to modify; and reduced the former husband’s child support obligations from $175 to $160 per month, with an additional $50 to continue to be paid on previously determined arrearage. The former husband appeals. We affirm.
The issues resulting from the modification action are whether the grant of an attorney’s fee was proper and whether use of the child support guidelines in Rule 32, Alabama Rules of Judicial Administration, was mandatory.
At the outset we note that, if requested, attorney’s fees are generally available in modification proceedings, and the award and amount lie within the sound discretion of the court. Taylor v. Taylor, 486 So.2d 1294 (Ala.Civ.App.1986); Ebert v. Ebert, 469 So.2d 615 (Ala.Civ.App.1985).
Prior to October 9, 1989, the child support guidelines set forth in Rule 32, A.R. Jud.Adm., were “non-binding on the establishment or modification of the amount of child support, and courts may deviate from the guidelines where their application would be inequitable.” Rule 32(A), A.R. Jud.Adm.
The husband first objects to the award of an attorney’s fee resulting from the modification action, contending that it is merely a reinstitution of the previous erroneous award and that the request was not timely filed. However, as stated above, attorney’s fees are available in modification proceedings, if a request for fees has been made. Bell v. Bell, 443 So.2d 1258 (Ala.Civ.App.1983).
Although the former husband claims that the former wife’s motion for attorney’s fees, which was filed some thirty-four days after his second petition for modification, was not timely filed, he cites no authority as to when such a request must be filed. This failure to comply with Rule 28, Alabama Rules of Appellate Procedure, leaves us no alternative but to affirm, Perry v. Garner, 550 So.2d 435 (Ala.Civ.App.1989), and to find that the grant of attorney’s fees was requested in the modification proceeding and was proper.
The former husband additionally contends that the trial court erred by failing to correctly apply Rule 32(B)(7), A.R. Jud.Adm., in determining a reduction of child support in that the court did not deduct health insurance premiums from his gross income. However, at the time of the filing of this action, the child support guidelines were purely that — guidelines— and the court could deviate from them. Rule 32(A), A.R.Jud.Adm.
*339 Therefore, we find that the trial court’s modification of child support was proper and was within the court’s discretion. Therefore, this case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur.