Willie James Thomas (father) and Dorothy Thomas (mother) were divorced in November 1984. Custody of the five minor children was placed with the mother, and the father was ordered to pay $200.00 per month as child support. In November 1989, the State of Alabama (state) filed on the mother's behalf a petition for modification of the child support payments. The state argued that the needs of the children had increased since the original order. Following an ore tenus proceeding, the trial court issued an order finding that there were material and substantial changes in circumstances warranting an increase in the amount of child support to $400.00 per month. Thereafter, the state filed a motion for reconsideration in which it pointed out the discrepancy between the amount of child support ordered by the trial court and the amount derived by the application of the mandatory child support guidelines provided in Rule 32, Alabama Rules of Judicial Administration. The state asserted that the guidelines indicated that the father's contribution to the support of the children should be $832.00 per month. The state's motion for reconsideration was denied. This appeal followed.
The dispositive issue raised in this appeal is whether the trial court, after finding a change in circumstances, erred in refusing to order child support in accordance with the child support guidelines embodied in Rule 32.
Initially, we note that the Rule 32 child support guidelines are applicable to all actions filed or proceedings instituted on or after October 9, 1989. Furthermore, Rule 32(A), provides the following:
 "There shall be a rebuttable presumption . . . that the amount of the award which would result from the application of these guidelines is the correct amount of the child support to be awarded. A written finding on the record that the application of the guidelines under the following criteria would be unjust or inappropriate shall be sufficient to rebut the presumption:
". . . .
 "(ii) Upon a finding of fact, based upon evidence presented to the court, the court determines the application of the guidelines would be manifestly unjust or inequitable." *Page 584 
Although there is no transcript of the proceedings before the trial court in the case at bar, a statement of the evidence was prepared by the state and adopted by the trial court as a reasonable representation of the evidence which was presented at trial. See Rule 10(d), Alabama Rules of Appellate Procedure. The statement reveals the following: The father testified that his monthly gross income is $2,879.50. He further testified that he was current with his child support payments and has actually paid more than was required. He stated that he was willing to pay more than he was presently paying, but that he could not afford to pay $832.00 per month, as provided by the application of the guidelines. He contended that that amount would force him into bankruptcy. However, the father did not present any documentary evidence to support his contention, nor did he present testimony regarding his expenses.
The only other witness at the trial was the mother, who testified that the father had paid the support required in the original order most of the time, but not always. She stated that the father did not pay any extra. She also stated that the needs of the children have increased during the years since the divorce in that food costs and clothing costs have increased during the intervening years. Further, she testified that the children are older now and the activities in which they participate are more expensive.
In its order following the trial on the petition for modification, the trial court made no finding of facts and gave no reasons for its refusal to follow the guidelines. The order stated simply that evidence was presented to the trial court and that upon consideration of that evidence the court concluded that there had occurred material and substantial changes in circumstances which would warrant an increase in the amount of the previously ordered support.
In light of the trial court's failure to apply the Rule 32 child support guidelines, or in the alternative, to make findings on the record as to why such application would be unjust or inappropriate, we find that the decision of the trial court is due to be reversed and the cause remanded for further proceedings consistent with this opinion and the provisions of Rule 32.
REVERSED AND REMANDED.
ROBERTSON and RUSSELL, JJ., concur.