RUSSELL, Judge.
Marjorie Lynn Kelly, a/k/a M. Lynn MacKenzie (mother), filed a petition for modification and rule nisi, requesting in part that child support paid by Lamar C. Kelly, Jr. (father), be increased from $425 per month to $1,250 per month and that he be required to pay college expenses for the daughter of the parties and a reasonable sum for the mother’s attorney’s fee. The trial court increased child support to $650 per month and ordered the father to pay tuition, books, fees, and room and board at the prevailing rates at the University of Alabama at Tuscaloosa, Alabama, for the daughter. It also ordered the father to pay a $2,500 attorney’s fee to the mother’s attorney. The mother appeals, contending that the trial court erred in awarding child support in an amount less than that provided by the child support guidelines in Rule 32, Alabama Rules of Judicial Administration, and in awarding an attorney’s fee that is less than what the father has the ability to pay. We affirm in part and reverse in part.
We note at the outset that Rule 32(A) provides as follows:
“There shall be a rebuttable presumption ... that the amount of the award which would result from the application of these guidelines is the correct amount of child support to be awarded. A written finding on the record that the application of the guidelines under the following criteria would be unjust or inappropriate shall be sufficient to rebut the presumption:
[[Image here]]
“(ii) Upon a finding of fact, based upon evidence presented to the court, the court determines the application of the guidelines would be manifestly unjust or inequitable.”
Each of the parties filed a child support obligation income statement/affidavit, which indicates that the father’s income is $10,358 per month and the mother’s income is $1,118 per month. The father earned $136,000 in 1990 and $120,331 in 1989. He testified that he is paying for a college education for the parties’ twenty-four year old son, at a cost of $7,000 in 1990 and an estimated cost of $9,000 to $10,000 for 1991. This payment is not required by a court order.
The daughter was seventeen at the time of the hearing and a senior in high school. The father testified that she should graduate in the summer of 1991.
The mother claims that a combined gross monthly income of $10,000 should result in a child support award of $992 and that in the present case the combined monthly income is over $12,000, an amount greater than the upper limit of the guideline amount. She further claims the trial court abused its discretion in awarding an amount less than the upper guideline limits when the combined incomes exceeded the guidelines.
Our figures indicate that the father's share of the total child support obligation pursuant to the guidelines is $898 per month. However, the trial court ordered the father to pay $650 per month. As stated above, Rule 32 provides that the presumption that the application of the guidelines would result in the correct award of child support may be rebutted by a written finding on the record that the application of the guidelines would be unjust or inappropriate., In its order the trial court made no findings of fact and gave no reasons for its refusal to apply the guidelines.
The father in his brief argues that the trial court could have considered his numerous other expenses in its decision, including the fact that the daughter may soon be going to college and the father *51 would have to meet the guidelines, as well as pay college expenses until she becomes nineteen. However, at the time of the trial court’s order, the daughter’s attendance at college was merely a speculation, and she was not attending college.
In view of the trial court’s failure to apply the guidelines or to present findings of fact based upon evidence that the application of the guidelines would be manifestly unjust or inequitable, we hold that the portion of the judgment setting the amount of child support is due to be reversed. Thomas v. Thomas, 575 So.2d 583 (Ala.Civ.App.1991).
The mother also contends that the trial court erred in granting an attorney’s fee of $2,500, when expert testimony indicated that $3,100 would be a reasonable fee and when, she claims, the father could afford to pay the entire fee and the mother could not. However, the award, as well as the amount, of an attorney's fee is a matter that lies within the sound discretion of the trial court. Thornton v. Pressley, 567 So.2d 337 (Ala.Civ.App.1990). The grant of a $2,500 attorney’s fee was not an abuse of discretion; therefore, we affirm the award.
In view of the above, we find that the judgment of the trial court is due to be affirmed in part, reversed in part, and remanded for the trial court to enter an order awarding child support consistent with the application of the guidelines or to enter written findings on the record as to why such application would be unjust or inappropriate.
The mother requests an attorney’s fee for representation on appeal, which is granted in the amount of $400.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur.