ROBERTSON, Presiding Judge.
This is a child support modification case.
In 1991 the State of Alabama, on behalf of the mother, filed a petition to modify child support, alleging that the needs of the parties’ minor child had increased since the last order of support. The mother requested, inter alia, that the amount of child support payments be increased pursuant to the child support guidelines.
Following an ore tenus proceeding, the trial court increased the child support payments from $35 to $55 per week. The trial court’s order provided, in pertinent part, that:
“2. The father is ordered to pay to the mother the sum of $55 per week for the support and maintenance of the minor child of the parties....
[[Image here]]
“4. Obligor’s employer may be ordered to withhold child support under the following conditions: (1) child support delinquency of one full month; (2) upon request of obligor; and (3) upon the court’s own motion.”
*990 The State filed a timely post-judgment motion, alleging that the amount of child support set by the trial court fell below the amount computed pursuant to Rule 32, Alabama Rules of Judicial Administration, and that the trial court’s “order does not set forth a specific finding of fact specifying any reason for deviation from the Alabama child support guidelines.” Additionally, the motion alleged that the trial court’s order did not provide for immediate income withholding pursuant to § 30-3-61, Code 1975. The State’s motion was denied.
On appeal, the State contends that the trial court did not apply the child support guidelines and did not make specific findings on the record that the application of the guidelines would be manifestly unjust or inappropriate. Rule 32, A.R.J.A.(A), provides that:
“There shall be a rebuttable presumption, in any judicial or administrative proceeding for the establishment or modification of child support, that the amount of the award which would result from the application of these guidelines is the correct amount of child support to be awarded. A written finding on the record that the application of the guidelines under the following criteria would be unjust or inappropriate shall be sufficient to rebut the presumption: “(i) Upon a fair, written agreement by the parties establishing a different amount and stating the reasons therefor, or
“(ii) Upon a finding of fact, based upon evidence presented to the court, the court determines the application of the guidelines would be manifestly unjust or inequitable.” (Emphasis added.)
The mother testified that she currently receives workmen’s compensation payments of $117 per week, and the father testified that his gross monthly salary is $2,100.
The record reveals no evidence of how the trial court arrived at the amount of $55 per week. During the trial, a child support guideline form was introduced into evidence by the State which showed the correct amount of child support to be $71 per week. The State argues in brief that had the trial court complied with Rule 32, A.R.J.A., the father’s basic child support obligation would be $71 per week.
Consequently, we reverse and remand this case with directions to the trial court to set an amount of child support in accordance with Rule 32, A.R.J.A., or to make a written finding on the record, under the proper criteria, that the application of the guidelines would be unjust or inequitable. Thomas v. Thomas, 575 So.2d 583 (Ala.Civ.App.1991).
The State next argues that the trial court erred in failing to order immediate income withholding pursuant to § 30-3-61(c), Code 1975. The State contends that when an order for support is modified at the request of the Department of Human Resources pursuant to Title IV-D of the Social Security Act, and no party has demonstrated nor has the trial court found any good cause not to require immediate income withholding, the income withholding order must be served immediately upon the obligor’s employer and must take effect immediately.
Absent legislative action or guidance from our supreme court, we elect to allow the trial courts in Alabama to continue to have the discretion provided for in § 30-3-61(c), Code 1975, which provides that:
“A withholding order issued pursuant to this section ... shall not be served on the employer and shall not take effect unless the obligor becomes delinquent in a dollar amount equal to one month of support payments, or ... the court otherwise orders that the withholding order take effect at an earlier date.”
In Hermsmeier v. McCoy, 563 So.2d 1058 (Ala.Civ.App.1990), this court held that the trial court had the discretion to order that the income withholding order take effect immediately even if the obligor was not delinquent in a dollar amount equal to one month of support. Likewise, we hold that the trial court has the discretion not to order that the income withholding order take effect immediately.
*991 AFFIRMED IN PART, REVERSED IN PART AND REMANDED WITH DIRECTIONS.
RUSSELL, J., concurs.
THIGPEN, J., concurs in part and dissents in part.