STEAGALL, Justice.
The State of Alabama, on behalf of Shelia Richardson Henson, petitioned to modify a child support order that had been entered against Danny Wayne Richardson. The trial court entered a judgment increasing the child support payments from $35 to $55 per week. The trial court’s order provided that Richardson’s employer might be ordered to withhold child support (1) if Richardson became one month delinquent; (2) if Richardson requested it; or (3) upon the court’s own motion. The State moved to alter, amend, or vacate the order, on the grounds that it did not conform to the Alabama Child Support Guidelines (see Rule 32, A.R.Jud.Adm.) and that the income withholding order was due to be served on Richardson’s employer immediately; the trial court denied that motion.
The Court of Civil Appeals reversed the trial court’s judgment with regard to the amount of child support and remanded the cause with instructions to set an amount in accordance with the Child Support Guidelines or to make written findings that the application of the Child Support Guidelines would be unjust. The Court of Civil Appeals affirmed the trial court’s judgment with regard to the income withholding order. 621 So.2d 989.
This Court issued the writ of certiorari to review the question whether the trial court has discretion not to issue an income withholding order immediately where the support order has been modified at the request of the State Department of Human Resources, where neither party has attempted to demonstrate that there is good cause not to require immediate income withholding and the trial court had made no finding with regard to whether there is good cause not to require immediate income, and where there is no written agreement providing for an alternative arrangement.
Ala.Code 1975, § 30-3-61(c), provides, in pertinent part:
“Where any order of support is entered or modified at the request of the department, the withholding order issued therewith pursuant to this section shall be served immediately upon the obligor’s employer and shall take effect immediately; except such immediate withholding shall not be implemented in any case where one of the parties demonstrates, and the court finds, there is good cause not to require immediate income withholding, or a written agreement is reached between both parties which provides for an alternative arrangement; in such cases income withholding shall be implemented if the absent parent fails to make payments in an amount equal to one month’s support obligation, or the absent parent requests immediate withholding, or the payee or the department requests that withholding begin and the absent parent has failed to make a payment or payments on the date(s) due.”
(Emphasis added.)
Based on the language in that statute, we reverse that part of the judgment of the Court of Civil Appeals holding that whether to order the immediate service of an income withholding order is within the trial court’s discretion, and we remand this cause for action consistent with this opinion. We have considered no other issues.
REVERSED AS TO THE ISSUE REVIEWED; AND REMANDED.
*993 HORNSBY, C.J., and MADDOX, ALMON, SHORES, ADAMS, HOUSTON, KENNEDY and INGRAM, JJ., concur.