I respectfully dissent. This case was previously remanded to the trial court for that court to "enter an order consistent with the application of the guidelines or to enter written findings on the record as to why such application would be unjust or inappropriate." Kelly v. Kelly, 599 So.2d 49, 51
(Ala.Civ.App. 1992). The trial court subsequently made a finding that application of the guidelines would be manifestly unjust or inequitable, stating that it was deviating from the guidelines, that it calculated the award of child support "based on the actual needs of the child," not by applying the guidelines, and that the father had the "ability to respond to that need."
The comments to Rule 32 state that "[t]he guidelines will provide an adequate standard [of] support for children, subject to the ability of their parents to pay, and will make awards more equitable by ensuring more consistent treatment of persons in similar *Page 603 
circumstances." In my opinion, this indicates that the guidelines provide a basic standard of need for the child.
The trial court stated that the deviation was based on the "actual needs of the child," rather than on a finding that the husband did not have the ability to pay according to the guidelines. (I note that the mother was allowed to testify only as to the amounts expended for the child and not as to the items of food or clothing that she could not afford to purchase for the child.) However, the "adequate standard [of] support" for the child has been determined and included in the guidelines. Therefore, I would hold that the trial court's finding does not rebut the presumption that the amount of the award resulting from the application of the guidelines is the correct amount of child support. See Rule 32(A)(ii).