This case involves child support in a dependency case.
The record before this court reveals the following:
In 1990 J.B. and W.B. (hereinafter parents or father and mother) adopted four siblings. In March 1992 the oldest sibling (hereinafter the child) reported being sexually molested by her adoptive father. The father agreed to move out of the home until completion of the investigation of the incident. Subsequently, the father was indicted for rape in the first degree, and on the second day of the trial, he pleaded guilty to sexual abuse in the second degree as a result of plea negotiations.
The Department of Human Resources (DHR) removed the child from the home on April 2, 1992, because of a report that she was being harassed by her mother to drop the allegations against her father and was being ridiculed by her younger siblings. The child has remained in the custody of DHR since that time.
On August 21, 1992, DHR filed a petition for support. A hearing on the petition was held on October 27, 1992. At the conclusion of the hearing, the trial court entered an order, finding that the parents were liable to pay child support on behalf of the child who was in the custody of DHR and residing in a group home. Further, the court ordered that the amount of child support be set at "zero" until the court decided otherwise. Additionally, the trial court ordered that DHR determine and inform the court as to what happens to any excess money if child support is set in an amount larger than the amount required to meet the monthly boarding home payment of $241. Another hearing was set for January 7, 1993.
After the hearing on January 7, 1993, the court entered an order, finding that the child remained a dependent child within the meaning of Ala. Code 1975, § 12-15-1(10), and "[t]hat the child support amount will be set at 0.00, because if this Court orders [any] amount under $241.00, the minor child will not get any of it due to the board payment."
The dispositive issue on appeal is whether the juvenile court committed reversible error by refusing to require the legal parents of a minor child in the custody of DHR to pay child support and maintenance for that child in an amount established by Rule 32, A.R.J.A.
Initially, we note that this matter is governed by Ala. Code 1975, § 12-15-71(i), which provides in part:
 "When a child is placed in the custody of the department of human resources . . . and when the parents or guardians have resources for child support, the juvenile court shall order child support in conformity with the child support guidelines as set out in Rule 32, Alabama rules of judicial administration. The child support shall be paid to the agency in whose primary custody the child is placed and may be expended for those matters that are necessary for the welfare and well-being of those children placed in such agencies. . . . Any petition for custody of a child filed by department of human resources shall contain a request for child support."
When the legislature uses the word "shall" in a statute, the courts have traditionally held it to be mandatory. Ex parteAnonymous, 414 So.2d 72 (Ala. 1982). Therefore, the wording of the statute mandates that the juvenile court order child support in the present case unless there was evidence that the parents did not have the resources to provide child support. *Page 891 
The parents argue that the record on appeal is insufficient for this court to determine the nature of the trial court's finding that the child support should be set at 0.00. While the record is not a paragon of clarity, it is sufficient for purposes of this appeal.
Our review of the record reveals that the order from the October 27, 1992, hearing lists (1) the mother's 1991 W-2 Wage and Tax Statement, showing yearly gross income of $27,083.05, and (2) the father's 1991 W-2 Wage and Tax Statement, showing yearly gross income of $23,400.00, as being introduced into evidence. In addition, this order indicates that the parents' attorney introduced into evidence three forms, showing the parents' average monthly expenses, debts, and net income. The transcript of the January 7, 1993, hearing reveals that these exhibits were available to the judge at that hearing. Further, the record indicates that the judge was aware that the parents own a second home, which has not been rented or placed on the market for sale.
The parents are correct in their assertion that their sworn testimony regarding their financial status was taken during the October 27, 1992, hearing and that this sworn testimony is not contained in the record on appeal.
However, the evidence as to income, as indicated above, is contained in the record. Additionally the parents' attorney stated in the record the parents' position regarding child support. This position was stated at the January 7, 1993, hearing.
The attorney stated that the parents did not want to pay child support for this child and that they were not comfortable with being told that legally they were probably going to have some duty to provide child support. He also argued that the parents' primary concern was to continue to support the three siblings who remained in their home and that the child was going to be taken care of by the state of Alabama.
Clearly, the judge was made aware of the parents' financial status during the course of these two hearings. However, it was not the court's finding after either the October 27, 1992, hearing or the January 7, 1993, hearing that the parents were financially unable to provide any child support for the child. It is apparent from the record that the judge was concerned that if he awarded an amount less than $241, DHR would receive all the child support awarded and that the child would not receive any money. As previously noted, the order entered after the January 7, 1993, hearing states "[t]hat the child support amount will be set at 0.00, because if this Court orders [any] amount under $241.00, the minor child will not get any of it due to the board payment." During the course of the January 7, 1993, hearing, the judge made the following statements:
 "THE COURT: Now Lois, I know Rowena's left, so you're gonna have to answer this question. In your court report you said that any money that I order for child support for [the child] above the boarding payment of $241.00 will go to [the child].
"MRS. KASSERMAN: That's correct.
 "THE COURT: If I order a child support payment less than $241.00, [the child] won't get a dime of it, will she?
"MRS. KASSERMAN: No, she won't.
 "THE COURT: And there's no way that I can circumvent this section of child support."
The parents argue that Rule 32(A)(ii), A.R.J.A., allows for deviation from the child support guidelines and that the court in this case had not abused its discretion in awarding child support in the amount of 0.00. In support of their argument, the parents cite Lewis v. Winslow, 587 So.2d 1006
(Ala.Civ.App. 1991), and Hannah v. Hannah, 582 So.2d 1125
(Ala.Civ.App. 1991). The parents are correct in their assertion that Rule 32 allows for deviation from the guidelines. However, in order for a court to deviate from the guidelines, there must be written findings of fact based upon evidence presented to the court to support such a deviation.Lewis; Hannah, State ex rel. Thomas v. Thomas, 575 So.2d 583
(Ala.Civ.App. 1991).
In the present case, the order entered by the court stated that the reason for setting child support at 0.00 was because none of the award would go to the child unless it was more than $241 per month. This is not a *Page 892 
valid or appropriate reason for such an award under either § 12-15-71(i) or Rule 32, A.R.J.A. The legislature has determined that parents who are able should assist the state in caring for children in circumstances such as we have here. The fact that no such fund will go directly to the child is not an operative consideration.
Therefore, the decision of the juvenile court is due to be reversed and the cause remanded for a determination of the amount of child support consistent with Rule 32.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.