YATES, Judge,
concurring in part and dissenting in part.
I concur in the affirmance as to the trial court’s custody and visitation rulings; however, I respectfully dissent from the affirmance as to the denial of increased child support. The mother contends that the trial court committed reversible error when it failed either to apply the child support guidelines mandated by Rule 32, Ala.R.Jud.Admin., or to make a written finding on the record that the application of the guidelines would be unjust or inequitable.
The trial court, in response to an earlier petition by the father, applied the child support guidelines to reduce the father’s child support obligation. It declined, however, to apply the child support guidelines when the mother petitioned for an increase. The mother testified that the children are older and have started school. She further testified that they are involved in additional activities such as gymnastics and T-ball, and that it costs more to buy their clothes and to support them because everything is more expensive these days. This court has previously held that these factors are sufficient to constitute a material change of circumstances and support a modification of child support. Young v. Young, 376 So.2d 737 (Ala.Civ.App. 1979).
In my opinion, the trial court committed reversible error by entering no written findings. See State ex rel. Henson v. Richardson, 621 So.2d 989 (Ala.Civ.App.1992); and State ex rel. Thomas v. Thomas, 575 So.2d 583 (Ala.Civ.App.1991). Therefore, that portion of the trial court’s order dealing with child support should be reversed and the case remanded to the trial court for further proceedings consistent with the provisions of Rule 32.