The State, on behalf of Ann Simmons Dunnavant (now known as Ann Simmons), appeals from a judgment modifying an earlier child support order. We affirm in part, reverse in part, and remand.
Ann Simmons Dunnavant and Thomas Dunnavant were divorced in 1981. The divorce judgment awarded custody of their two children to the mother and ordered the father to pay child support. In 1989, the parents jointly petitioned the court for a modification of the judgment. The resulting amended judgment awarded custody of the son to the father, continued custody of the daughter with the mother, and reduced the child support paid by the father to $800 per month. The mother was not required to pay child support. Both parents were required to maintain medical insurance on both children, with the father's policy providing primary coverage for the son and the mother's policy providing primary coverage for the daughter.
In September 1993, the father petitioned the court to modify the amended divorce judgment by decreasing his child support payments, requiring the mother to pay child support also, and requiring the mother to maintain life insurance with the children as beneficiaries. The father also filed a motion asking that the mother be held in contempt for having failed to provide medical insurance coverage for the children. In July 1994, the mother counterclaimed, asking that the divorce judgment be modified to relieve her of the obligation of providing health insurance for the children and asking that the father be held in contempt for having failed to pay all of the child support previously ordered by the court.
After a hearing in August 1994, during which evidence was presented ore tenus, the trial court found that the father's income had decreased, constituting a material change in circumstances; concluded that the mother should be required to pay child support to the father; and imputed income to the mother of $2,000 per month. The court entered a judgment that ordered the mother to pay child support of $297 per month, to be offset against child support due from the father; ordered the father's child support decreased to $433 per month; ordered the father to pay $136 per month to the clerk of the court; ordered the father to provide health insurance for both children and provided for payment of expenses not covered by insurance; and ordered the mother to maintain life insurance. The judgment further provided that the modification of the father's child support obligation was retroactive to September 1993, and, therefore, based upon the modified child support obligations for both parents, the court concluded that the father was not in arrears in child support payments. The trial court found neither parent in contempt. Both parents filed post-judgment motions. The trial court granted a request by the Department of Human Resources, on behalf of the mother, to have the father's child support payments paid to the Department instead of the clerk of the court, but it denied all other relief requested.
The mother raises two issues on appeal. She contends that the trial court failed to comply with Alabama's Child Support Guidelines, Rule 32, Ala.R.Jud.Admin. ("the guidelines"), and that the trial court abused its discretion in finding no arrearage in child support.
We first address the trial court's compliance with the guidelines. The mother argues that, because all of the forms required by the guidelines were not filed in this case, the trial court neither complied with the guidelines nor followed the mandates of this court. We agree. In Martin v. Martin,637 So.2d 901 (Ala.Civ.App. 1994), this court issued the following directive:
 "We hold, therefore, that the word 'shall' in Rule 32(E), Ala.R.Jud.Admin., mandates the filing of a standardized Child Support Guidelines Form and a Child Support Obligation Income Statement/Affidavit Form. . . . We further hold that stipulated cases . . . are the only exceptions to the *Page 853 
requirement of filing a child support guideline form and income affidavit forms. . . ."
637 So.2d at 902. The concept of "substantial compliance" with the guidelines, argued by the father, was clearly rejected inMartin.
The only guideline form properly completed, signed, and filed in this case was an income affidavit from the father that he filed in connection with his post-judgment motion. On remand, fully completed and signed income affidavits, Form CS-41, must be obtained and filed for both parents reflecting their circumstances as of the time the child support calculations are made. The trial court must also file a fully completed and signed child support calculation form, Form CS-42. In cases of split custody, such as this, two calculation forms may be necessary in order to comply with the requirement now imposed by Rule 32(B)(9)[1] that support be computed that would be owed by each parent before subtracting the lesser obligation from the greater.
This court also pointed out in Martin that inherent in complying with the guidelines is the necessity that a trial court make certain findings of fact required by the guidelines. For example, we noted in Martin that if the facts of a case supported a determination that application of the guidelines would be manifestly unjust or inequitable, compliance with the guidelines included the trial court's making the findings required by Rule 32(A)(ii). Likewise, in this case, if the trial court decides on remand to impute income again, compliance with the guidelines includes its making a finding, as required by Rule 32(B)(5), that the parent to whom income is imputed is voluntarily unemployed or underemployed.
That portion of the judgment imputing income to the mother and calculating child support is reversed, and the cause is remanded for further proceedings in compliance with the guidelines. Because further proceedings are required, we need not address the mother's other arguments regarding the trial court's calculation of child support.
We next address the child support arrearage. The father continued to pay child support after filing his petition to modify until January 1994, when, he said, the severance pay he had received when he lost his job ran out. He also testified that he hoped his failure to pay child support would motivate the mother to agree on an amount of child support to be paid by each parent. The mother's argument that the trial court is not allowed to forgive an accrued arrearage is misplaced. The mother contends that a trial court is not allowed to discharge child support payments once they have matured and become due under the original divorce judgment, citing Frasemer v.Frasemer, 578 So.2d 1346 (Ala.Civ.App. 1991). That is true to an extent; however, the guidelines specifically allow a trial court to modify the provisions of a child support judgment as to installments accruing after the filing of the petition for modification. Rule 32(A)(2)(i), Ala.R.Jud.Admin. (as it read before the amendments of October 4, 1993).[2] The trial court modified the child support judgment retroactive to the filing of the father's petition to modify; that was not error. Furthermore, the father's failure to pay all child support installments after the filing of his petition did not preclude the retroactive modification.
 "Under our cases installments which mature before a petition to modify is filed are immune from change. . . . But the installment payments had all been made when this petition to modify was filed. Petitioner's failure to pay the installments which he seeks to modify and which matured after the petition was filed does not militate against the power of the court to make such modification as changed conditions may justify."
Scott v. Scott, 265 Ala. 208, 210-11, 90 So.2d 813, 815 (1956) (citations omitted). *Page 854 
The father was not in arrears in the payment of his child support at the time he filed his petition to modify. After the retroactive modification of the father's child support obligation, the trial court calculated no arrearage. A trial court's determination of the amount of a child support arrearage is largely a discretionary matter that will not be reversed on appeal absent an abuse of discretion. Brown v.Brown, 513 So.2d 617, 619 (Ala.Civ.App. 1987). Had the trial court refused the father's request for a modification, of course, or had the trial court not made the modification retroactive, then the father clearly would have been in arrears, but that was not the case. The amount of child support the parents were ordered to pay was a factor, however, in the trial court's determination that there was no arrearage. Because further proceedings are required in this case, and because those proceedings could result in a different award of child support, we also reverse that portion of the judgment finding no child support arrearage. On remand, after calculation of child support in compliance with the guidelines, the trial court is directed to recalculate the amount of the arrearage in child support owed by the father, if any.
Those portions of the judgment relative to imputed income, child support obligations, and child support arrearage are hereby reversed; the remainder of the judgment is hereby affirmed; and the cause is remanded for further proceedings consistent with this opinion.
The foregoing opinion was prepared by SAM A. BEATTY, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of §12-18-10(e), Ala. Code 1975.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH DIRECTIONS.
All the Judges concur.
[1] The version of the guidelines in effect when the father filed his petition to modify did not include subdivision (9) of Rule 32(B). Subdivision (9) was added in 1993. See Rule 32, Ala.R.Jud.Admin. (as amended October 4, 1993).
[2] The rule allowing the modification of the provisions of a child support judgment as to installments accruing after the filing of a petition to modify is now numbered Rule 32(A)(3)(a). See Rule 32, Ala.R.Jud.Admin. (as amended October 4, 1993).