PITTMAN, Judge.
In June 1999, J.L. (“the father”) filed a petition seeking a judgment declaring that he is the natural father of C.Y. (“the child”). He requested that the juvenile court grant him visitation and order him to pay child support. The juvenile court ordered blood tests; those tests confirmed that J.L. was the father of the child. In July 2001, the juvenile court issued a judgment declaring J.L. to be the child’s father, granted visitation, and set child-support payments at $871 a month and assessed an arrearage of $7,034.
The father appeals, contending that the juvenile court erred when it failed to hold a hearing on his Rule 59, Ala. R. Civ. P., postjudgment motion. In his post-judgment motion the father argued that the juvenile court erred both in its calculation of current child support due and in its calculation of the total amount of arrear-age due. The father contends that his Rule 59 motion was set for a hearing, continued twice, and ultimately denied without a hearing. The mother insists that a hearing was held; however, there is no indication in the record that a hearing took place.
Rule 59(g), Ala. R. Civ. P., provides that motions under Rule 59 “shall not be ruled upon until the parties have had opportunity to be heard thereon.” Thus, if a party requests a hearing on a Rule 59 motion, it is error not to hold such a hearing. See Staarup v. Staarup, 537 So.2d 56 (Ala.Civ.App.1988). Nevertheless, our supreme court, in Kitchens v. Maye, 623 So.2d 1082 (Ala.1993), held that although a trial court errs in not granting a hearing on a motion pursuant to Rule 59, Ala. R. Civ. P., such an error does not necessarily constitute reversible error under Rule 45, Ala. R.App. P., which provides, in pertinent part:
“No judgment may be reversed or set aside ... for error as to any matter of pleading or procedure, unless in the opinion of the court to which the appeal is taken or application is made, after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties.”
Our supreme court in Kitchens, supra, stated that harmless error occurs in the context of a violation of Rule 59(g), “ ‘where there is either no probable merit in the grounds asserted in the motion, or *1224 where the appellate court resolves the issues presented therein, as a matter of law, adversely to the movant, by application of the same objective standard of review as that applied in the trial court.’ ” Kitchens, 623 So.2d at 1088-89, quoting Greene v. Thompson, 554 So.2d 376, 381 (Ala.1989).
A review of the record in this case reveals that no prejudicial error occurred. The father argued in his Rule 59 motion that the trial court erred in its child-support determination; however, there is no merit to this assertion because the trial court’s calculations were based on the guidelines. Therefore, we conclude that the failure to conduct a hearing on the father’s motion was not prejudicial error.
The father also argues on appeal that the juvenile court erred (1) by failing to comply with Rule 32, Ala. R. Jud. Admin., (2) by imputing income to him while he was a full-time student, (3) by allocating nonwork-related day-care expenses in its calculations, and (4) by failing to give him credit for child-support payments he made during the pendency of this action.
We note that both parties submitted the proper forms and affidavits, and the trial court attached to its judgment three child-support-guideline forms: the first form covered the period from September 11, 1998 (i.e., the date of the child’s birth), through December 31, 1998; the second form covered the period from January 1, 1999, through December 31, 1999; and the third form covered the period from October 2000 through May 2001. This last form is the only form needed to review the trial court’s computation of current child support owed.
However, the form that would cover the period from January 2000 through September 2000 is missing from the record; if this were simply a calculation of current continuing child support instead of retroactive child support, the father’s argument might justify a reversal. Under this court’s holding in Brown v. Brown, 719 So.2d 228 (Ala.Civ.App.1998), we do not need to review Rule 32(E) forms to uphold a trial court’s calculation of a child-support arrearage. That opinion stated: “In future cases, when awarding retroactive support, the trial court should state its reasons for the award, the factors it considered, and the manner in which it calculated the retroactive support award.” Brown, 719 So.2d at 232. This court has previously held that “ ‘[a] trial court’s determination of the amount of a child support arrearage ... is largely a discretionary matter, and the trial court’s ruling in that regard will not be reversed on appeal absent an abuse of discretion.’ ” Kuhn v. Kuhn, 706 So.2d 1275, 1278 (Ala.Civ.App.1997), quoting Vlahos v. Ware, 690 So.2d 407, 410 (Ala.Civ.App.1997).
Here it appears that the trial court simply used the child-support-guidelines forms to gather income information from the parties to assist it in determining a retroactive child-support amount. If this had been a traditional calculation of ar-rearage, we would simply look at the court’s last child-support order and multiply that by the number of months the father had not paid child support. Here we see that the current continuing child-support order calls for $371 in monthly payments. If we were to multiply that number by the number of months since the child’s birth (32), the total amount of child support owed would be $11,872. Because we conclude that the trial court gave the father credit for some child-support payments made during the pendency of the litigation, we conclude that the trial court did not abuse its discretion in determining that the amount of the arrearage was $7,034.
Next, the father argues that the trial court failed to comply with Rule 32, Ala. R. *1225 Jud. Admin., because the child-support-guidelines forms included in the record are not signed. To comply with Rule 32(E), each party to a divorce must file a CS-41 (Child Support Obligation Income Statement/Affidavit form) with the trial court. Often a CS-42 (Child Support Guidelines form) is filed by one or both parties for the trial court’s consideration. Occasionally, under Rule 32(A)(2), the trial court accepts a Child Support Guidelines Notice of Compliance form, which allows the court tó adopt a stipulation from the parties regarding the amount of child support to be paid. Usually, the trial court completes a CS-42 by filling in each party’s income and by computing the monthly child-support amount due.
In Martin v. Martin, 637 So.2d 901 (Ala.Civ.App.1994), this court construed Rule 32 to be mandatory; we stated that stipulated cases “are the only exceptions to the requirement of filing a child support guidelines form and income affidavit forms.” Martin, 637 So.2d at 902. Moreover, this court stated that: “the filing of the forms is mandatory even if the trial court found that application of the guidelines would be unjust or inequitable.” Martin, 637 So.2d at 903.
Martin does not address what constitutes compliance with Rule 32, other than to require the filing of the forms by the parties and the trial court. The first mention of a signature requirement occurs in State ex rel. Dunnavant v. Dunnavant, 668 So.2d 851 (Ala.Civ.App.1995). In that case this court reversed a child-support award because the required forms had not been filed. “On remand, fully completed and signed income affidavits, Form CS-41, must be obtained and filed for both parents reflecting their circumstances as of the time the child support calculations are made. The trial court must also file a fully completed and signed child support calculation form, Form CS-42.” Dunnavant, 668 So.2d at 853 (emphasis added).
We have found several cases decided since Dunnavant that reversed the trial court’s judgment for failure to comply with Rule 32 and ordered the trial court to complete and sign a CS-42 form on remand. However, the rule does not require a signature and the CS-42 form does not contain a signature line; therefore, we hereby expressly overrule any signature requirement implied by Dunnavant and its progeny. The trial court may either adopt a party’s proffered CS-42 form by attaching it to the order of judgment, or the trial court may prepare its own CS-42 form, and incorporate it by reference in the final judgment or order. In either case, a signature of the trial judge is optional, not necessary, on the CS-42 form.
Any statement in prior cases indicating a requirement that the CS-42 form be signed by the trial judge is to be disregarded. The plain language of Rule 32 requires only that a CS-42 be incorporated into every child-support order of a trial court. See Rule 32(E).
Next, the father argues that the trial court erred in imputing income to him while he was a full-time student. The trial court imputed minimum-wage income totaling $893 per month to the father for the period from September 11, 1998 (the date of child’s birth), through March 31, 1999. We note that for the period between January 1999 through December 1999, the trial court imputed minimum-wage income totaling $893 per month to the mother as well.
Rule 32(B)(5), Ala. R. Jud. Admin., provides, in pertinent part:
“If the court finds that either parent is voluntarily unemployed or underemployed, it shall estimate the income that parent would otherwise have and shall *1226 impute to that parent that income; the court shall calculate child support based on that parent’s imputed income. In determining the amount of income to be imputed ... the court should determine the employment potential and probable earning level of that parent, based on that parent’s recent work history, education, and occupational qualifications, and on the prevailing job opportunities and earning levels in the community.”
Also, we note that the trial court’s determination of whether a parent is underemployed so as to warrant an imputation of income is a factual determination subject to the ore tenus rule, and will not be reversed absent a showing that the trial court abused its discretion. Morin v. Morin, 678 So.2d 166 (Ala.Civ.App.1996).
The record reveals that from the time the child was born in September 1998 until March 1999, the father was a student. During this time, the father was employed part-time, earning minimum wage with an average monthly income of $434 in 1998 and $633.39 in 1999. Although pursuing a degree as a full-time student is a laudable venture that may ultimately enhance a parent’s employment opportunities and provide a financial benefit for the parent’s child, it does not permit a parent to ignore the current and continuing financial needs of a child. In light of these facts, we conclude that the trial court did not abuse its discretion in imputing income to the father and to the mother in determining their respective child-support obligations.
The father next contends that the trial court should not have allocated nonwork-related day-care expenses in its child-support calculations. The record reveals that the wife works part-time and that she is a full-time student. Her deposition testimony established that she put the child in day care four or five days a week depending on her work and school schedule. The father fails to direct this court to specific evidence in the record that would delineate what, if any, childcare expenses are not work-related. Although the father cites Ray v. Ray, 782 So.2d 797 (Ala.Civ.App.2000), for the proposition that inclusion of periodic day-care expenses incurred for reasons other than employment is not permitted by the guidelines, he fails to offer specific dates and times to refute the mother’s testimony that she puts the child in day care only when her combined work and school schedule requires it. It is not the function of this court to search a record on appeal to find evidence to support a party’s argument. Rule 28(a)(4), Ala. R.App. P; Brown v. Brown, 719 So.2d 228 (Ala.Civ.App.1998). Neither the father’s brief nor our review of the record indicates that the trial court abused its discretion by including the cost of day-care services in the child-support calculation.
The father’s final argument on appeal is that the trial court erred because it did not give him credit for child-support payments he had made voluntarily while this action was pending. “The award or denial of a credit against an arrearage is within the sound discretion of the trial court and will not be reversed absent a showing of plain and palpable abuse.” Phillippi v. State ex rel. Burke, 589 So.2d 1303, 1304 (Ala.Civ.App.1991).
Although the father argues that he proved he was entitled to a $3,200 credit for payments made to the mother between July 1999 and May 2001, the trial court could accept or reject those figures based on the other evidence received during the ore tenus proceeding. A review of the record indicates that the trial court gave the father credit for $2,100 in child-support payments when it calculated the arrear-age; we conclude, therefore, that the trial court did not abuse its discretion in apply *1227 ing credits for payments made by the father. Because we have concluded that the trial court did not abuse its discretion regarding any issue raised by the father, the trial court’s judgment is due to be affirmed.
The mother’s request for an attorney’s fee on appeal is granted in the amount of $750.
AFFIRMED.
THOMPSON, J., concurs.
YATES, P.J., and MURDOCK, J., concur in the result.