PITTMAN, Judge.
 

 Leigh O’Gwynn Farnell (“the mother”) appeals from a judgment that modified the child-support obligation of Frank C. Far-nell (“the father”).
 

 The parties were divorced by a judgment entered on June 29, 2001. The parties’ divorce judgment incorporated an agreement that contained the following pertinent provisions: the mother was awarded primary physical custody of the parties’ three children; the father was ordered to pay $1,200 in monthly child support; the father was ordered to maintain medical insurance on the parties’ three children; and the father was ordered to maintain a $400,000 life-insurance policy on himself during the children’s minority. In September 2006, upon motion of the mother, the trial court entered a judgment determining that the father was $46,940.93 in arrears in paying child support. In that judgment, the father’s monthly child-support obligation was prospectively reduced to $856, but he was ordered to pay an additional $300 each month toward the ar-rearage.
 

 In December 2006, the mother filed a motion seeking to enforce the child-support provisions of the previous judgments. Specifically, the mother requested that the father be found in contempt of court for having failed to comply with the September 2006 judgment; in addition, the mother requested that the father be incarcerated until he paid a substantial sum toward the arrearage.
 

 In response to the mother’s discovery requests, the father provided copies of his 2005 and 2006 federal and state income-tax returns; those returns reflected that he had declared income totaling $3,398 in 2005 and $7,501 in 2006. Those returns indicated that the father was entitled to receive income-tax refunds of $4,693 for the 2005 tax year and $3,820 for the 2006 tax year. The father testified at trial that he had taken the federal earned-income credit for the parties’ three children on those federal income-tax returns in order to be able to apply the refunds to his child-support arrearage; however, a document submitted by the father detailing his child-support-payment history indicated that he had only paid a total of $5,227.47 to the mother in 2006 and 2007.
 
 [1]
 

 
 *205
 
 The father filed a response to the mother’s motion, and the trial court conducted an ore tenus proceeding on September 17, 2007. At that hearing, the mother and the father were represented by counsel, and both parties testified; the parties’ eldest child also testified. The mother testified that the father had consistently failed to follow the trial court’s judgments regarding payment of child support; she stated her belief that the father would need to be incarcerated in order to understand the serious nature of failing to meet his child-support obligation pursuant to the trial court’s judgments.
 

 The father, on the other hand, insisted that his income had dramatically declined in the past year. He referenced his federal and state income-tax returns to corroborate his lack of disposable income. In addition, the father testified that since the trial court’s preceding hearing in September 2006, the father had assumed the care of the parties’ eldest child, thus leaving the mother with the burden of caring for only the two younger children. The father orally requested that the trial court reduce his child-support obligation to reflect both that the mother was acting as the physical custodian of only two children and that his own income had been reduced to essentially a minimum-wage level.
 

 On September 18, 2007, the trial court entered a judgment that found the father to be $51,093.03 in arrears in paying child support. The judgment prospectively reduced the father’s monthly child-support obligation to $159 but ordered the father to file all future pay stubs with the clerk of the court to ensure that the father’s income could be monitored for purposes of potential future modification judgments.
 

 The mother filed a timely notice of appeal, and she asserts that the trial court erred in allowing the father to seek a reduction in his child-support obligation. Substantively, she claims that the father’s financial circumstances had not changed since the entry of the September 2006 judgment and that the trial court had improperly applied the Rule 32, Ala. R. Jud. Admin., child-support guidelines.
 

 In
 
 Wilkerson v. Waldrop,
 
 895 So.2d 347 (Ala.Civ.App.2004), this court reiterated the long-standing position that to avoid reversal, a trial court must properly have applied Rule 32, Ala. R. Jud. Admin., when child support is made an issue on appeal. We note that this court has previously specified the forms that must be included in the record on appeal in order for this court to review whether the guidelines have been properly applied.
 
 See, e.g., J.L. v. A.Y.,
 
 844 So.2d 1221, 1224 (Ala.Civ.App. 2002). In the instant case, although the proper forms were submitted by the parties and are contained in the record, the trial court did not prepare and file a CS-42 child-support worksheet reflecting its calculations. Apparently, the trial court merely adopted the father’s proposed CS-42 form and entered an order that conformed to the calculations made by the father on that form.
 

 Rule 32(B)(9), Ala. R. Jud. Admin., specifies the procedure that a trial court must use when each parent has custody of one or more of the parties’ children. That procedure requires the trial court to:
 

 “(a) Compute the support the father would owe to the mother for the children in her custody as if they were the only children of the two parties; then
 

 “(b) Compute the support the mother would owe to the father for the children in his custody as if they were the only children of the two parties; then
 

 “(c) Subtract the lesser support obligation from the greater. The parent who owes the greater obligation should be ordered to pay the difference in support to the other parent, unless the
 
 *206
 
 court determines, pursuant to other provisions of this rule, that it should deviate from the guidelines.”
 

 As our Supreme Court observed in
 
 Ex parte Moore,
 
 805 So.2d 715, 719 (Ala.2001):
 

 “The figure calculated by using Form CS-42 is accorded a rebuttable presumption that it is the correct amount of child support to be awarded .... Rule 32(A), Ala. R. Jud. Admin.;
 
 Rolen v. Pickering,
 
 628 So.2d 850 (Ala.Civ.App. 1993).... In addition, a trial court can make a child-support award that deviates from the recommended figure as calculated according to the Guidelines, but to support such a deviation the court must make written findings of fact based upon evidence presented to it. Rule 32(A)(1);
 
 State Dep’t of Human Res. v. J.B.,
 
 628 So.2d 889 (Ala.Civ.App.1993).”
 

 In addition,
 

 “[t]o comply with Rule 32(E), each party to a divorce must file a CS-41 (Child Support Obligation Income Statement/Affidavit form) with the trial court. Often a CS-42 (Child Support Guidelines form) is filed by one or both parties for the trial court’s consideration. Occasionally, under Rule 32(A)(2), the trial court accepts a Child Support Guidelines Notice of Compliance form, which allows the court to adopt a stipulation from the parties regarding the amount of child support to be paid.
 
 Usually, the trial court completes a CS-i2 by filling in each party’s income and by computing the monthly child-support amount due.”
 

 J.L.,
 
 844 So.2d at 1225 (emphasis added).
 

 As noted above, the trial court did not complete a CS^12 form, and the father’s CS-42 computation is based upon only a single child, not three. As noted previously, Rule 32(B)(9) requires a different computation, and Rule 32(E) requires that a CS-42 form be incorporated into every child-support judgment. We have routinely reversed judgments based upon failures by trial judges to complete CS-42 forms when we cannot discern the basis for the child-support award from the record.
 
 See, e.g., Kirkland v. Kirkland,
 
 860 So.2d 1283, 1291 (Ala.Civ.App.2003), and
 
 Fomby v. Fomby,
 
 840 So.2d 919, 921 (Ala.Civ.App. 2002). Because we cannot discern the basis for the trial court’s child-support judgment in the present case, we must reverse the judgment and remand this case for further proceedings. In addition, we recognize that because over a year has passed since the trial court received CS-41 forms from the parties, updated income statements may be necessary for the trial court to properly compute the father’s child-support obligation.
 

 Based on the foregoing facts and authorities, we reverse the judgment of the trial court and remand this case for proceedings consistent with this opinion.
 

 The mother has requested an award of an attorney fee on appeal, but, in view of the relative financial circumstances of the parties, we deny the mother’s request.
 

 REVERSED AND REMANDED.
 

 THOMPSON, P.J., and BRYAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . The transcript of the hearing indicates that the father had also paid $500 to the mother in March 2007 when he received a continuance of the trial; both parties acknowledged that that payment was not reflected on the child-support-payment document.