The parties, Peggy L. Cassick and Frank G. Cassick, were divorced by decree of the Circuit Court, Mobile County, Alabama, on January 24, 1989. During the marriage, the husband adopted the wife's two children. This was the second adoption of the children by one of the wife's husbands. Shortly after the finalization of the adoption, the wife filed for divorce. The children were fourteen and eleven, respectively, at the time of the divorce.
Prior to the divorce, the wife signed an agreement relieving her husband of child support payments upon the husband's payment of $3,000. The testimony reflects that the husband paid the $3,000. The divorce decree, however, provided that the husband pay to the wife $240 per month as child support and that he provide the children with health insurance. Subsequent to the divorce, the wife remarried. She and the children moved to Arkansas with her new husband.
In September 1992, the wife filed a motion to modify the child support payments and requested that the husband be ordered to pay for her son's post-minority education. It appears from the testimony that a previous motion to modify had been filed by the wife and denied by the trial court.
On November 16, 1992, the trial court, after an ore tenus proceeding, modified the judgment of divorce and ordered the husband to pay $982 per month to the wife as child support.
The husband's post-judgment motion was denied, and he appeals, contending that the trial court erred in increasing his child support obligation by $742 per month.
Under current law, the provisions of any judgment of child support shall be modified only upon a showing of a material change of circumstances since the entry of the last judgment that is substantial and continuing. Rule 32(A)(2)(i), A.R.J.A.; Moore v. Moore, 575 So.2d 95 (Ala.Civ.App. 1990). The modification of child support will not be disturbed on appeal unless there is an abuse of discretion. Bass v. Bass,475 So.2d 1196 (Ala.Civ.App. 1985).
The wife testified that she spends $1,000 per month on the children, including $300 to $400 per month on clothing and $105 per month for her daughter's orthodontic treatment. However, the record is devoid of any evidence that the children need $300 to $400 *Page 864 
worth of clothes each month or that the daughter needs the orthodontic treatment. The wife failed to produce any canceled checks or receipts to substantiate her expenditures of $1,000 per month. Also, there is no evidence in the record that the children's needs have substantially and materially changed since the entry of the last judgment. The wife simply testified that she spent that much money.
Exorbitant spending in itself is not sufficient to prove a substantial change in circumstances; instead, it is the increased needs of the child coupled with the parent's ability to pay. Cox v. Cox, 591 So.2d 90 (Ala.Civ.App. 1991). "The most pertinent factor in determining a modification of child support is a material change in the needs, conditions, and circumstances of the children." Whitfield v. Whitfield,570 So.2d 700, 703 (Ala.Civ.App. 1990) (citation omitted). In this case, the record does not indicate that the children's needs or expenses have increased since the entry of the last judgment, or that the wife is unable to meet her share of these costs. Whitfield. In fact, the record indicates that the wife, in addition to her regular employment, is now one-half owner of a growing business operated by her and her present husband. The record reflects that the wife deposits substantial amounts of money each month in her personal checking account in the operation of the business and that one-half of the profits from the business is hers.
The wife failed to present evidence of a material change in the children's needs, that is substantial and continuing, since the entry of the last judgment. We find, therefore, that the trial court's modification of the judgment of child support is unsupported by the evidence and, consequently, constitutes an abuse of discretion.
The trial court's judgment is hereby reversed, and this cause is remanded for an entry of judgment denying the wife's motion to modify.
REVERSED AND REMANDED WITH DIRECTIONS.
YATES, J., concurs.
THIGPEN, J., concurs in result.