Joe N. Makar and Jane Jackson Makar, were married in 1987. This was the second marriage for both. One child was born of this marriage, a son, in 1988. The father has custody of a minor daughter from his first marriage, and the mother has an adult son from her first marriage. The parties were divorced in 1989 by the Jefferson County Circuit Court. The mother was awarded custody of the parties' minor child. The father was awarded visitation with the minor child every other Sunday, every other Saturday, each Christmas Day, and on the minor child's birthday, until the minor child reached the age of three years. Once the minor child reached the age of three years, the father's visitation was to be the first and third weekends of each month, each Christmas Day, four weeks during the summer, every other Thanksgiving Day, every other birthday, and each Father's Day. The trial court ordered the father to pay the mother $750 per month as periodic alimony from November 1989 to October 1990, and $700 per month as child support. The trial court also ordered the father to provide medical and hospital insurance for the minor child and to provide the minor child with a four-year college education, including room, board, fees, books, travel, and incidental expenses, which costs are not to exceed the then-prevailing costs at the University of Alabama at Tuscaloosa. The trial court further ordered the father to pay the mother the sum of $30,000 as a property settlement, to pay the wife's attorney a fee of $5,000, and to pay for all non-covered medical, dental, prescription drugs, and hospital bills incurred on behalf of the minor child. The trial court also ratified and confirmed the parties' division of personal property.
On June 26, 1991, the father filed a petition to modify the judgment of divorce, requesting that he be given additional visitation with the minor child. On July 9, 1991, the mother filed a counter-petition to modify, requesting that child support be increased and that she be awarded an attorney fee. On July 2, 1993, the father filed an amendment to his petition to modify, requesting that he be allowed access to the minor child's scholastic and medical records, that he be awarded two additional weeks of visitation during the summer, that he be awarded visitation every other week of "AEA holiday", and that he be awarded additional visitation during the week with the minor child as opposed to the minor child staying in daycare. *Page 1380 
On August 5, 1993, after having conducted an ore tenus proceeding on June 30, 1993, the trial court entered a judgment, finding that an application of the child support guidelines of Rule 32, Ala.R.Jud.Admin., would be manifestly unjust and inequitable and increasing the father's child support to $1,650 per month effective retroactively to August 1, 1991. The trial court only increased the father's visitation to include every other "AEA holiday". The trial court also ordered the father to pay the wife the sum of $3,500, as an attorney's fee.
On September 3, 1993, the father filed a motion to alter or amend the August 5, 1993, judgment. The father alleged that the deviation from the child support guidelines of Rule 32, Ala.R.Jud.Admin., was not supported by the evidence; that the retroactive application of the increased child support was not supported by the evidence and constituted an abuse of discretion; and that the trial court erred in not awarding the father additional visitation. On October 14, 1993, after having conducted a hearing on September 24, 1993, the trial court entered an order granting, in part, the father's motion to alter or amend. The trial court modified the judgment by stating that the additional visitation with the minor child during his AEA holiday visitation "shall begin at 6:00 p.m. onthe day school is out until 6:00 p.m. the day before schoolresumes."
The father appeals, contending that the trial court abused its discretion by failing to award him additional visitation with the minor child and that the trial court abused its discretion by increasing the father's child support obligation.
The determination of visitation rights for the noncustodial parent rests within the sound discretion of the trial court, and its ruling on that matter will not be reversed on appeal except for an abuse of discretion. Ladewig v. Moxley,589 So.2d 738 (Ala.Civ.App. 1991). In exercising its discretion in awarding visitation rights, the trial court's primary consideration must be the best interests and welfare of the child. Durham v. Heck, 479 So.2d 1292 (Ala.Civ.App. 1985). Each case must be decided on its own facts and the personalities involved. Id.
The record reflects that when the judgment of divorce was entered, the minor child was approximately one year old and that at the time of the ore tenus proceeding in this matter, the minor child was four-years old. The record reflects that the minor child was in daycare five days a week at the time of the ore tenus proceeding. The record also reflects that the minor child was originally placed in daycare so that the mother could attend college; however, a year before the ore tenus proceeding, the mother withdrew from college because she had begun suffering migraine headaches.
The father, a 53-year-old cardiologist, testified that he has flexible work hours and that he usually has a day off during the week. The record reflects that the father has custody of his 14-year-old daughter from his first marriage and that he has had custody of his daughter since she was an infant. The father testified that during his visitation with the minor child, his daughter and the minor child play games together and watch movies together, and that his daughter sometimes reads to the minor child. The father also testified that his visitation with the minor child was impeded during his three-month recovery from major heart by-pass surgery. The father further testified that he had asked the mother for additional visitation with the minor child and that on some occasions the mother had allowed him to have additional visitation with the child. The father testified that he takes the minor child on rounds with him at the hospital, that he takes the minor child and his daughter to his lake house, and that he takes the minor child to visit friends. The father also testified that he had requested the additional visitation with the minor child, at least one afternoon each week from 4:00 p.m. to 8:00 p.m., so that he can spend additional time with his son. The father further testified that he had requested two additional weeks of visitation during the summer because his brother and sister visit from Egypt for six weeks almost every summer and he thought that it would be good for the minor child to spend time with his paternal relatives and to learn about their culture. *Page 1381 
The mother, a 44-year-old self-employed transcriptionist, testified that the minor child had been in daycare five days a week since she began college and that the minor child had continued in daycare even after she withdrew from college. The mother also testified that she had allowed the father additional visitation but that after that visitation, the minor child whined about going to daycare and did not want to return to daycare. The mother further testified that she objects to the father's having additional visitation time with the minor child because she says that it is disruptive, and that she would rather see the minor child in daycare than with his father.
The uncontradicted testimony in this case is that the minor child would benefit from the additional visitation with the father and the father's family, and that the mother's only objection to the additional visitation was that the visitation during the week was disruptive. The record reflects that as the minor child grows older he can benefit from the additional visitation with his father, his half-sister, and his paternal relatives. After carefully reviewing the record, we conclude that the additional visitation requested, one afternoon a week and an additional two weeks during the summer, is not unreasonable and would serve the best interests and welfare of the minor child. Therefore, the trial court abused its discretion by failing to grant the father additional visitation during the week and during the summer months.
We next address the father's contention that the trial court abused its discretion by increasing the father's child support obligation. The provisions of any judgment of child support shall be modified only upon a showing of a material change of circumstances since the entry of the last judgment that is substantial and continuing. Rule 32(A)(2)(i), Ala.R.Jud.Admin.;Cassick v. Morgan, 628 So.2d 862 (Ala.Civ.App. 1993). The modification of child support will not be disturbed on appeal unless there is an abuse of discretion. Id.
The mother testified that the minor child's expenses are $2,000 per month. Expenses she allocated to the four-year-old minor child include $300 per month for food; $60 per month for the maid and the gardener; $100 per month for clothes; $50 per month for babysitters; $300 per month for daycare; $50 per month for vacations; $100 per month for house repairs; and $150 per month for car replacement. The record also reflects that during pretrial discovery, approximately five months before trial, the mother listed the minor child's expenses as $1250 per month. When questioned about the increase in the minor child's monthly expenses, the mother had no explanation for the increase in expenses. The mother failed to produce any receipts or canceled checks to substantiate her expenditures of $2,000 per month for the minor child.
Exorbitant spending in itself is not sufficient to prove a substantial and continuing change in circumstances; instead, it is the increased needs of the child coupled with the parent's ability to pay. Cassick, supra. "The most pertinent factor in determining a modification of child support is a material change in the needs, conditions, and circumstances of the [child]." Whitfield v. Whitfield, 570 So.2d 700, 703
(Ala.Civ.App. 1990) (citations omitted). The record does not indicate that the minor child's needs or expenses have increased since the entry of the last judgment. The mother failed to present evidence of a material change in the minor child's needs that is substantial and continuing, since the entry of the last judgment.
We conclude that the trial court's modification of child support is unsupported by the evidence and, consequently, constitutes an abuse of discretion. Therefore, the trial court's judgment, which includes the award of a $3,500 attorney fee to the wife, is reversed and annulled.
This cause is remanded to the trial court for the entry of a judgment granting Joe N. Makar additional visitation with the minor child, to include at least one afternoon a week from 4:00 p.m. until 8:00 p.m., at least two additional weeks during the summer, and, starting in 1995, every other "AEA holiday" from 6:00 p.m. on the day school is out until 6:00 p.m. the day before school resumes. *Page 1382 
The mother's request for an attorney fee on appeal is denied.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THIGPEN and YATES, JJ., concur.