ROBERTSON, Presiding Judge.
The parties, Patricia M. Sweeney and Gerald Sweeney, were married in 1977. The parties were divorced in September 1990 by the Montgomery County Circuit Court. An agreement between the parties was ratified, confirmed, and made a part of the judgment of divorce, whereby the mother was awarded, among other things, custody of the parties’ three minor children, a son and two daughters; $4,000 per month as child support, ceasing pro rata upon each child attaining the age of majority, marrying, or otherwise becoming self-supporting; $2,500 per month as alimony; and the net sum of $45,000 as a property settlement. The father was awarded, among other things, specific visitation with the minor children; the marital residence and certain furnishings; a 1988 van; and his medical practice. In the judgment of divorce, the trial court found that the award of child support had been properly determined by the application of the Child Support Guidelines of Rule 32, Ala.R.Jud.Admin.
Shortly after the judgment of divorce was entered, the mother and the minor children moved to Pennsylvania. On January 7, 1993, the father filed a motion requesting that the trial court hold the mother in contempt of court because she had refused to allow him visitation with the minor children as ordered in the judgment of divorce. The father also requested that his alimony obligation be decreased or terminated because, he alleged, the mother had become self-supporting and was no longer in need of alimony. The mother filed an answer denying the allegations of the father’s motions.
On April 13, 1993, following a hearing on the father’s motions, the trial court entered an order modifying the judgment of divorce. The trial court ordered the father to be responsible for the transportation of the mi *957 nor children from the mother’s residence to his residence and ordered the mother to be responsible for the transportation of the minor children from the father’s residence to her residence. The trial court denied the father’s motion to hold the mother in contempt of court.
On August 4, 1993, the husband filed a petition for modification of custody, requesting that the trial court award him custody of the parties’ son because of the mother’s numerous physical assaults upon the minor child and the numerous threats made against the minor child by the mother’s boyfriend. The father also requested that the trial court appoint a guardian ad litem to represent the interests of the minor child and enter an order awarding him child support. That same day, the father filed a motion for a pendente lite hearing, requesting temporary custody of the parties’ son and child support. The father alleged that the mother had filed a custody action in the Court of Common Pleas of Bucks County, Pennsylvania, that a hearing had been set for August 10,1993, by said court, and that the Pennsylvania court was without jurisdiction to resolve the issues.
On August 16, 1993, the father filed an amended petition for modification, requesting that his alimony obligation be terminated and/or that his request for pendente lite relief be dismissed. On August 17, 1993, the trial court entered an order declining to exercise jurisdiction over matters involving custody of the parties’ minor children, finding that the mother and the father had voluntarily submitted to the jurisdiction of the Pennsylvania court. However, the trial court retained jurisdiction of all other matters addressed by the judgment of divorce.
On September 15, 1993, the father filed a motion requesting the trial court to order the Register of the trial court to execute a deed transferring all right, title, and interest that the mother had in the former marital residence to him in compliance with the judgment of divorce. On September 24,1993, the mother filed an answer to the father’s amended petition for modification and cross-petitioned for a modification, requesting an increase in child support and an attorney fee and costs. On October 5, 1993, the father filed an answer to the mother’s cross-petition and a second amended petition for modification. The father requested that the trial court reduce his child support obligation because he had been awarded custody of the parties’ son by the Pennsylvania court.
On November 3, 1993, following an ore tenus proceeding on November 1, 1993, the trial court entered a judgment denying the father’s request to terminate his alimony obligation and denying the mother’s request for an increase in child support. The trial court found that the father had failed to present substantial evidence that the mother had openly cohabited with her boyfriend to the extent necessary to statutorily terminate his alimony obligation, and that the mother had failed to prove a material change in the circumstances and the needs of the minor children sufficient to warrant a modification in the child support previously ordered. However, the trial court modified the father’s child support obligation, on a pro rata basis, from $4,000 per month to $2,667.67 per month, effective retroactive to the date of the change in custody of the parties’ son. The trial court also ordered the father to pay for the private school tuition of the parties’ daughters.
The mother appeals, raising three issues: (1) whether the trial court erred in finding that there had not been a material change in circumstances to warrant an increase in child support; (2) whether the trial court erred in reducing the mother’s child support by one-third; and (3) whether the trial court erred by failing to award an attorney fee and expenses to the mother’s attorney.
The provisions of any judgment of child support shall be modified only upon a showing of a material change in circumstances since the entry of the last judgment that is substantial and continuing. Rule 32(A)(2)®, Ala.R.Jud.Admin.; Cassick v. Morgan, 628 So.2d 862 (Ala.Civ.App.1993). The modification of child support will not be disturbed on appeal unless there is an abuse of discretion. Id.
We will address the mother’s first two issues together as both involve the modification of child support. The testimony of *958 the mother, the father, and the parties’ 15-year-old son reveals that the father had been awarded custody of the parties’ son a few days before the 1993 school term began and that the mother had retained custody of the parties’ two daughters. The father testified that once he had been awarded custody of the parties’ son, he reduced his child support payment by one-third. The mother testified that the reason she requested an increase in child support was because the parties’ daughters were no longer toddlers and that her expenses for them had increased. The mother also testified that the daughters’ clothes cost more, that her food expenses and entertainment expenses for the daughters had increased, that the daughters want to join clubs, and that her taxes, mortgage, and heating expenses had increased. The mother further testified that the costs of the daughters’ private school will increase when one of the parties’ daughters reaches high school in a year and a half. However, the record reflects that the mother did not present any evidence as to the increase in expenses from 1990 to 1993.
“The most pertinent factor in determining a modification of child support is a material change in the needs, conditions, and circumstances of the children.” Whitfield v. Whitfield, 570 So.2d 700, 703 (Ala.Civ.App.1990) (citation omitted). In this case, the record does not indicate that the daughters’ needs or expenses have increased since the last entry of judgment, or that the mother is unable to meet her share of these expenses. In fact, the father, during his testimony, agreed to pay the private school tuition of the parties’ daughters, and the trial court ordered the father to pay the same in its November 2, 1993, judgment. The record also reflects that the mother had $16,000 in a savings account from which she could draw upon, that she had received $15,000 as a settlement of a personal injury claim, and that she had received $28,000 for her Mercedes automobile that had been totaled in an accident. The record further reflects that of the settlement funds, the mother “loaned” approximately $6,000 to her boyfriend, which she reduced by crediting $4,000 for negotiating her settlements and by crediting $300 for putting up two ceiling fans. The mother testified that her boyfriend had paid the remainder of what he owed her in cash.
Furthermore, the trial court interpreted the agreement between the parties that had been incorporated in the judgment of divorce, and found “that child support was agreed to cease pro rata upon each child attaining the age of majority, marrying, or otherwise becoming self-supporting or emancipated” and further found that said provision should also apply upon a modification of custody. Based upon its interpretation of the agreement, the trial court reduced the father’s child support obligation by one-third. After carefully reviewing the record, we cannot hold that the trial court abused its discretion by denying the mother’s request for an increase in child support or by reducing the father’s child support obligation as a result of the father having been awarded custody of the parties’ son.
We next address the issue of whether the trial court erred by failing to award an attorney fee and expenses to the mother. The award of an attorney fee in a divorce case is within the sound discretion of the trial court and will not be reversed on appeal unless an abuse of discretion is shown. Murray v. Murray, 598 So.2d 921 (Ala.Civ.App. 1992). No such abuse has been shown in this case. It is clear from the record that the mother is capable of paying her attorney fee. The results of the litigation were in favor of the father, and after reviewing the record, we find that the trial court did not abuse its discretion by denying the mother’s request for her attorney fees and expenses.
The judgment of the trial court is due to be affirmed.
The mother and the father’s requests for an attorney fee on appeal are denied.
AFFIRMED.
THIGPEN and YATES, JJ., concur.