The parties were divorced on July 26, 1990. Pursuant to an agreement of the parties, executed on June 8, 1990, and incorporated into the divorce judgment, the mother received custody of the parties' then four-year-old daughter and the father was to pay $302 per month child support. He was awarded visitation every other weekend and two to three days during each week, plus special visitation on holidays. The parties were each to take an income tax exemption on the child in alternate years. The father was awarded the marital home.
In August 1993, the mother filed a Rule 60(b), Ala.R.Civ.P., motion, seeking, among other things, to modify the amount of child support and to modify the visitation rights of the father. The father answered and petitioned for a rule nisi, alleging that the mother had "willfully failed and refused to comply with . . . visitation." The trial court entered an order on November 8, 1993, granting the mother's requests. The father appeals, claiming (1) that the trial court abused its discretion in granting the Rule 60(b) motion and (2) that the order increasing the amount of child support and altering his visitation privileges was not supported by the evidence. *Page 41 
The record reveals that on July 3, 1990, before the divorce judgment was entered, the mother moved to withdraw the agreement of the parties. On July 7, 1990, both parties signed a document, wherein the father agreed to pay $1000 to the mother if he sold the marital home or remarried and to allow the mother to take the income tax exemption on the child every year, "instead of every other year as outlined in our previously written divorce [agreement]." The document contained the following provision:
 "This agreement is valid only to the extent that [the mother] agrees to and abides by the original points in the previously written [agreement of June 8] on file. . . . Any deviation from the court ordered decree other than the above items will automatically invalidate this agreement and both parties agree to then abide solely by the court ordered decree as is written and ordered by the court."
On July 25, 1990, the mother's attorney filed a notice of withdrawal as counsel, stating that the mother "has indicated . . . that she wishes to proceed and execute the original [June 8] Agreement." The divorce judgment was entered the following day.
In her Rule 60(b) motion, the mother claimed that the divorce judgment should be set aside, alleging that the father had had no intention of abiding by the July 7 agreement and thus had committed "intentional misrepresentation and fraud." She stated that he had sold the marital home, but that he had refused to pay her $1000, as agreed upon in the July 7 document.
We note that the mother waited three years before filing her Rule 60(b) motion; the doctrine of laches, which denies equitable relief to one guilty of unconscionable delay in asserting a claim, applies to Rule 60(b) motions. Ex parteWaldrop, 395 So.2d 62 (Ala. 1981). The mother claims that her motion was timely because she says she neither knew nor should have known of the father's alleged fraud until April 1993, when he sold the marital home.
 "The elements of promissory fraud are: (1) a misrepresentation; (2) of a material existing fact; (3) upon which the plaintiff justifiably relied; (4) which proximately caused injury or damage to the plaintiff. In addition to those elements, the plaintiff must also present evidence showing that at the time the defendant made the alleged misrepresentations, the defendant intended not to do the acts promised and intended to deceive the plaintiff. The defendant's intent to deceive can be established through circumstantial evidence that relates to events that occurred after the alleged misrepresentations were made."
Vance v. Huff, 568 So.2d 745, 750 (Ala. 1990) (citations omitted).
In granting the mother's Rule 60(b) motion, the court ordered the father to pay to the mother "$1,000.00 representing [the mother's] interest in the homeplace" and further ordered that the mother "shall be allowed to claim the minor child of the parties as a dependent for income tax purposes."
Our review of the trial court's ruling is extremely limited.Buchanan v. Collier, 571 So.2d 1068 (Ala. 1990). See alsoMcLeod v. McLeod, 473 So.2d 1097 (Ala.Civ.App. 1985). This court cannot reverse the trial court's determination on a Rule 60(b) motion, absent a clear abuse of discretion. Antepenko v.Antepenko, 584 So.2d 836 (Ala.Civ.App. 1991).
There is no evidence, circumstantial or otherwise, to indicate that the father, when he executed the July 7 agreement, did not intend to perform as he promised. Further, both parties admitted that the mother had refused to abide by the divorce agreement, by denying visitation previously awarded to the father.
Further, the broad power granted by Rule 60(b)(6) is not granted for the purpose of relieving a party from free, calculated, and deliberate choices. Tichansky v. Tichansky,54 Ala. App. 209, 307 So.2d 20 (Ala.Civ.App. 1974), cert. denied,293 Ala. 775, 307 So.2d 24 (1975). "A party remains under a duty to take the legal steps necessary to protect his own interest." Barnes v. George, 571 So.2d 1217, 1218
(Ala.Civ.App. 1990). Thus, in the absence of fraud on the part of the father, the mother was not entitled to relief from the judgment of divorce. We conclude that the trial court abused its discretion in granting *Page 42 
the mother's motion, because there was no showing of exceptional circumstances to justify relief under Rule 60(b). Accordingly, that portion of the judgment granting Rule 60(b) relief is reversed, and the cause is remanded for the entry of an order consistent with this opinion.
The father next objects to the modification of his child support payments from $302 to $383 per month and the modification of his visitation privileges to alternate weekends, the entire month of July, and from December 26 until January 2 each year.
A modification of child support will not be disturbed on appeal unless there is an abuse of discretion. Cassick v.Morgan, 628 So.2d 862 (Ala.Civ.App. 1993). A modification may be based on increased needs of the child coupled with the parent's ability to pay. Id. The record supports a finding that the needs of the child have increased. The mother testified that the child's clothes and toys were more elaborate and expensive than at the time of the divorce. The evidence shows that the child is participating in more extracurricular activities and is attending a private school. The mother testified that the child's involvement in gymnastics and music lessons costs approximately $80 a month. Since the entry of the original divorce judgment, the mother's salary has increased approximately $4,500 per year and the father's salary has increased approximately $9,000 per year. Thus, the trial court did not abuse its discretion in increasing child support.
The paramount consideration in awarding visitation is the best interests and welfare of the child. I.L. v. L.D.L., Jr.,604 So.2d 425 (Ala.Civ.App. 1992). The trial court eliminated visitation during the week. Although, the original divorce agreement awarded the father weekday visitation, the mother testified that the father did not exercise the weekday visitation. In fact, the mother stated that before her remarriage in February 1993, the father had never requested his two- or three-day visitation during the week. Given the fact that the father never tried to exercise his weekday visitation until three years following the divorce, and that the child is now in school and has homework to do, we conclude that the trial court did not abuse its discretion by limiting the father's visitation.
Each party's request for an attorney fee on appeal is denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur.