683 So.2d 971 (1995)
Lloyd Chesney DYAS
v.
Michele Keane DYAS.
2940262.
Court of Civil Appeals of Alabama.
August 11, 1995.
Rehearing Denied September 22, 1995.
David Neal of Bedford & Rogers, P.C., Russellville, for Appellant.
Lindsey Mussleman Davis of Holt, McKenzie, Holt and Mussleman, Florence, for Appellee.

ON APPLICATION FOR REHEARING
ROBERTSON, Presiding Judge.
This court's original opinion, dated May 12, 1995, is withdrawn, and the following is substituted therefor:
On April 26, 1994, Michele Keane Dyas filed a complaint in the Franklin County Circuit Court, seeking a divorce from Lloyd Chesney Dyas. The parties reached an agreement on all matters except child support, which was to be set by the trial court. Based upon that agreement, announced in open court on July 1, 1994, the trial court entered a judgment on July 29, 1994, divorcing the parties. The parties were awarded joint custody of the parties' two minor children, ages two years and five years, with actual physical custody being vested in the mother; the husband was awarded certain visitation rights. The husband was directed to provide medical insurance coverage for the benefit of the minor children and to pay 75% of all unpaid medical expenses. The husband was ordered to pay the wife $2,250 per month as alimony for a period of five years and then $1,500 per month as alimony for an additional five-year period. The husband was awarded all of the real estate owned jointly by the parties, and each party was awarded their individual IRA account at *972 Merrill Lynch. In addition to the alimony, the wife was awarded a property settlement of $350,000, to be paid by the husband over a 48-month period, i.e., $100,000 within 45 days of the divorce judgment and the balance payable semi-annually at the rate of a minimum of $40,000.
On the issue not agreed upon, the trial court ordered the husband to pay child support in the amount of $3,750 per month pending further order of the court.
The husband filed a motion for computation of child support, requesting that the trial court compute his monthly child support obligation based upon additional financial data to be submitted by the parties. The wife filed a response to the husband's motion, contending that the husband had earned $396,000 in 1993 and urging the trial court to set "monthly child support at a minimum of $3,750 per month." Subsequently, the trial court modified the July 29, 1994, divorce judgment by ordering the husband to pay child support in the amount of $5,256 per month.
The husband filed a motion to alter, amend, or vacate that order, alleging that the order was violative of Rule 32, Ala.R.Jud.Admin.; was against the great weight and preponderance of the evidence; did not reasonably reflect his financial situation and income, or his ability to pay child support; and was a palpable abuse of discretion. The husband also filed a motion to reopen the record to allow for the introduction of additional financial data, and a motion to stay the increased child support pending a hearing on his motion to alter, amend, or vacate.
Following an ore tenus proceeding, the trial court again amended the divorce judgment by, among other things, ordering the husband to maintain certain life insurance on his life in force and effect ($1,050,000) and to designate the wife as trustee of the insurance benefits for the benefit of the minor children until such time as the husband's child support obligation terminates, and ordering the husband to pay the wife "$4,834 per month for the support and maintenance of the minor children...."
The husband appeals, contending that the trial court abused its discretion by ordering him to pay $4,834 per month in child support. He insists that the amount of child support awarded exceeds the cost for the support and maintenance of the children and exceeds his ability to pay.
The record reveals the following facts pertinent to this appeal. The husband is an orthopedic surgeon. His income tax return for 1993 indicated an adjusted gross income of $384,970. At the time of the hearing, the wife had voluntarily relocated herself and the parties' minor children to Canada, and she was unemployed due to her immigration status. The wife testified that she would not be seeking employment until her immigration status was "sorted out." However, in the past the wife had had an annual income of between $27,000 and $30,000. Consequently, the parties' gross monthly income surpasses the uppermost level of the child support schedule found in Rule 32, Ala.R.Jud.Admin. Therefore, pursuant to Rule 32(C)(1), Ala.R.Jud.Admin., the amount of child support to be awarded lies within the discretion of the trial court.
A certified public accountant testified that he had prepared a cash flow analysis based upon the husband's adjusted gross income for 1993. He testified that if the husband were ordered to pay $5,256 per month in child support, then the husband would have only $900 annually to pay other expenses. The accountant testified that he was not the husband's retained accountant and that he did not take into account any of the husband's property, bank accounts, or savings accounts when he did his analysis.
The record reflects that the husband owns certain properties which include a home with an estimated value of between $220,000 and $260,000 and which is subject to a $194,000 mortgage, and an office condominium for which he paid $225,000 and which is encumbered by a $140,000 mortgage. The husband also has $261,000 in a retirement fund which is subject to a penalty for early withdrawal. The husband testified that he had to borrow money against the cash value of his life insurance policy and had to remove funds from *973 an IRA account to raise the first $100,000 payment on the property settlement.
In addition to the $100,000 already received by the wife, the husband will pay her an additional $250,000 within the next four years, $135,000 in alimony within the next five years, and $90,000 in alimony during the subsequent five-year period, for a total of $575,000 in property settlement and alimony.
The husband testified that the minor children had visited him on at least four separate occasions since July 1, 1994, and that the travel costs associated with each visitation were approximately $2,000.[1] The husband also testified that the wife had not paid any of the costs associated with the children's traveling from Canada to Alabama for said visitations.
The wife testified that she and the minor children are presently living with her father. The wife also testified that the cost of living in Canada is higher than in Russellville, Alabama, and that Canada has a 15% sales tax on everything except food. However, the wife testified that the American dollar is worth 30% more when exchanged for Canadian money.
The wife testified that prior to the divorce, she and the husband had discussed the recreational activities they wanted their children to be involved in. She testified that she and the husband had expressed an interest in the children's learning to snow ski and to ride horses. She testified that horseback riding lessons cost $25 per half hour and that if she were to buy her daughter a horse, it would cost $155 a month to board the horse. She also testified that the more money she had access to, the more she would be able to provide for the minor children.
While the mother testified to the above costs that may be associated with the minor children's recreational activities in the future, the record before us is devoid of any evidence relating to the expenses associated with the present reasonable and necessary needs of the children. She testified that the husband's being able to afford "about $60,000 a year" in child support was "not a big concern to" her. In fact, the wife testified on cross-examination that "I am living with my father and I am not paying any rent. I have no expenses right now."
Presently, the maximum child support obligation established by Rule 32, Ala.R.Jud.Admin., in the child support schedule is $1542 per month for two children where there is a combined adjusted gross income of $10,000 per month. When the combined adjusted gross income exceeds $10,000 per month, the amount of child support should be left to the discretion of the trial court. Rule 32(C)(1), Ala.R.Jud.Admin.
This court has held, however, that a trial court's discretion is not unbridled and that the amount of child support awarded must relate to the reasonable and necessary needs of the children as well as to the ability of the obligor to pay for those needs. Coleman v. Coleman, 648 So.2d 605 (Ala.Civ.App.1994); Posey v. Posey, 634 So.2d 571 (Ala.Civ.App. 1994); and St. John v. St. John, 628 So.2d 883 (Ala.Civ.App.1993).
When an order of support so far exceeds the reasonable needs of the children, it constitutes "an abuse of discretion and perhaps appears to be a punishment upon the husband for his conduct against the marriage.... However, an excessive order for child support is not a basis for punishment for such conduct." Anonymous v. Anonymous, 617 So.2d 694, 697 (Ala.Civ.App.1993).
When the combined adjusted gross income exceeds the uppermost limit of the child support schedule, the amount of child support awarded must rationally relate to the reasonable and necessary needs of the child, taking into account the lifestyle to which the child was accustomed and the standard of living the child enjoyed before the divorce,[2] *974 and must reasonably relate to the obligor's ability to pay for those needs. Id. To avoid a finding of an abuse of discretion on appeal, a trial court's judgment of child support must satisfy both prongs.
In this case, the amount awarded totally fails on the first prong; it is abundantly clear from the record that the child support awarded was based solely on the husband's perceived ability to pay and does not rationally relate to the reasonable and necessary needs of the two minor children. This is contrary to established case law; consequently, we find an abuse of discretion on the part of the trial court. Id.
The judgment of the trial court pertaining to child support is reversed and this cause is hereby remanded for an entry of judgment consistent with this opinion. While we do not expressly direct the trial court to award the maximum amount established by the child support schedule for two children, $1542 per month, unless there is additional evidence other than that contained in the record on appeal, that amount appears to be the proper amount to award at this time.[3]
The wife's request for an attorney fee on appeal is denied.
APPLICATION FOR REHEARING GRANTED; ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND REMANDED WITH INSTRUCTIONS.
MONROE, and CRAWLEY, JJ., concur.
THIGPEN, J., concurs in the result.
YATES, J., dissents.
YATES, Judge, dissenting.
I would affirm the trial court's judgment as to the child support award; therefore, I respectfully dissent.
NOTES
[1] See Rule 32(A)(1)(b), Ala.R.Jud.Admin.
[2] We distinguish divorce proceedings from modification proceedings because we have held that exorbitant spending in itself is not sufficient to prove a substantial and continuing change in circumstances in order to modify a prior judgment of support. Makar v. Makar, 643 So.2d 1378 (Ala.Civ.App.1994). If an obligor participates in and agrees to a certain lifestyle for a child during a marriage, then that obligor should be expected to contribute to the reasonable and necessary needs of the child for the continuation of that lifestyle after divorce.
[3] It is well settled that as the children get older and their expenses increase, the custodial parent may bring an action for an increase in child support.