This Court granted Michele Kean Dyas's petition for certiorari review of the decision of the Court of Civil Appeals in this divorce case.
The circuit court on September 19, 1994, ordered the father, Dr. Lloyd Chesney Dyas, to pay child support of $5,256 per month. Later, after Dr. Dyas had petitioned for a reduction, the trial court reduced the child support to $4,834 per month.
Dr. Dyas appealed. The Court of Civil Appeals, on May 12, 1995, affirmed the award of $4,834 per month. However, on application for rehearing, that court, on August 11, 1995, withdrew its original opinion and substituted a new opinion. That new opinion reversed the trial court's child support award, holding that that award was not "rationally relate[d] to the reasonable and necessary needs of the [children]." The Court of Civil Appeals remanded for the entry of a new child support order, strongly suggesting that, based on the evidence in the record, the monthly child support payments for the two children, then ages two and five, should be reduced to $1,542 per month. The Court of Civil Appeals also denied the wife's request for an attorney fee on appeal. See Dyas v. Dyas,683 So.2d 971 (Ala.Civ.App. 1995).
Dr. Dyas is an orthopedic surgeon, with offices in Russellville, Alabama. Mrs. Dyas had worked in his office as an administrative assistant, but during the four years before the divorce had not been paid a salary.
The parties initially agreed on all aspects of the divorce except for child support. The trial judge initially set support for the two children at $3,750 per month pending further orders.
At a hearing on the question of child support, Dr. Dyas presented his income tax returns for 1993. The adjusted gross income shown on his federal tax return was $384,970. The trial court set the monthly support payments at $5,256 under Rule 32, Ala.R.Jud.Admin. When the combined monthly gross income of the parties exceeds $10,000, as in this case, Rule 32(C)(1), Ala.R.Jud.Admin., states that the child support award lies within the trial court's discretion.
At the time of the trial court's hearing, Mrs. Dyas had voluntarily relocated herself and the two minor children to her father's home in Canada. She was unemployed because of her immigration status. She could not become employable, she said, until this status was "sorted out." In past years, her annual income had been between $27,000 and $30,000.
Dr. Dyas presented the testimony of a CPA who reviewed Dr. Dyas's assets and his 1993 income tax return and performed a cash flow analysis. While the opinion of the Court of Civil Appeals did not mention this fact, the CPA also took into consideration the mortgage payments, the property settlement, and the alimony. His testimony indicated that if the $5,256 monthly support payments were left in place, Dr. Dyas would have only $900 annually to pay other expenses. However, he stated that he had not prepared the 1993 income tax return and that his cash flow analysis did not take into account any of Dr. Dyas's bank accounts, savings accounts, or other property.
The record reflects that Dr. Dyas owns various properties, including a house with an estimated value of between $220,000 and $260,000, subject to a $194,000 mortgage, and *Page 976 
an office condominium for which he paid $225,000, and which is subject to a $140,000 mortgage. He also has $261,000 in a retirement fund that is subject to a penalty for early withdrawal. Dr. Dyas testified that he had to borrow money against the cash value of his life insurance policy and had to remove funds from an IRA account in order to raise the $100,000 for the first payment of the property settlement to Mrs. Dyas.
In addition to the $100,000 already received by Mrs. Dyas toward the property settlement, Dr. Dyas will pay her an additional $250,000 within the next four years, $135,000 in alimony within the next five years, and $90,000 in alimony during the subsequent five-year period, for a total of $575,000 in property settlement and alimony.
Dr. Dyas testified that the minor children had visited him on at least four occasions since July 1, 1994, and that the travel costs associated with each visitation were approximately $2,000. Dr. Dyas also testified that Mrs. Dyas had not paid any of the costs associated with the children's traveling from Canada to Alabama for those visitations.
Mrs. Dyas testified that she and the minor children are presently living with her father. She also testified that the cost of living in Canada is higher than the cost of living in Russellville, Alabama, and that Canada has a 15% sales tax on everything except food.
Mrs. Dyas testified that before the divorce, she and Dr. Dyas had discussed the recreational activities in which they wanted their children to be involved. She testified that she and Dr. Dyas had expressed an interest in having the children learn to snow ski and to ride horses. She testified that horseback riding lessons cost $25 per half hour and that if she were to buy her daughter a horse, it would cost $155 a month to board the horse.
The trial court reduced the monthly support payment to $4,834.
The question before this Court is whether the trial court's award of $4,834 per month for the support of the two children was appropriate, based on the reasonable and necessary needs of the children, as well as the ability of Dr. Dyas to provide for those needs. The Court of Civil Appeals said that the trial court had not taken into account the reasonable and necessary needs of the children, only the ability of Dr. Dyas to pay. 683 So.2d at 973. It cited the following cases for the proposition that a child support award must be based on both of those factors: Coleman v. Coleman, 648 So.2d 605 (Ala.Civ.App. 1994); Posey v. Posey, 634 So.2d 571 (Ala.Civ.App. 1994); andSt. John v. St. John, 628 So.2d 883 (Ala.Civ.App. 1993).
Dr. Dyas submits that the needs for these two children, ages two and five, are small, and that, considering that they live with their mother at their grandfather's home in Canada, the Court of Civil Appeals' suggestion in its opinion on rehearing — that the monthly support payments for the two children should be no more than $1,542 — was correct.
As noted in Ex parte Jackson, 567 So.2d 867, 868 (Ala. 1990), "[t]he trial Judge can consider the earning ability of both parties, their probable future prospects for earnings, the duration of the marriage, their ages, health, and station in life, and the conduct of the parties with reference to the cause of the divorce," citing Farris v. Farris, 532 So.2d 1041
(Ala.Civ.App. 1988). Did the trial court abuse its discretion in awarding $4,834 per month?
Dr. Dyas has a considerable income and a number of assets by virtue of his medical practice. His alimony payments and property settlement payments are substantial. The trial court also required that he pay the premiums on an existing $1,050,000 life insurance policy for the benefit of his children. Also, he is responsible for the expense of the children's travel between Canada and Russellville, Alabama.
The Court of Civil Appeals stated that, while it was not expressly directing the trial court "to award the maximum amount established by the child support schedule for two children, $1,542 per month, unless there is additional evidence other than that contained in the record on appeal, that amount appears to be the proper amount to award at this time." 683 So.2d at 974. We conclude that such a reduction would be too drastic. The suggestion by the Court of Civil Appeals overlooks Dr. Dyas's own testimony that *Page 977 
$3,000 per month would be fair. It also overlooks the necessity of Mrs. Dyas's securing a residence in Canada, the future schooling the two children, and the difference in Canadian tax law and the United States Internal Revenue Code. In the United States, alimony is taxable to the party receiving it, but child support is not taxable to the custodial parent receiving it. In Canada, both alimony and child support are taxable to the parent receiving them. Mrs. Dyas and her children grew accustomed to a certain standard of living during the Dyases' marriage.
The Court of Civil Appeals properly remanded this case to the trial court with the instruction to consider the reasonable and necessary needs of the children. It is not clear that the trial judge fully considered those needs in making its award of child support. However, the suggestion by the Court of Civil Appeals that $1,542 per month is the maximum that should be paid was improper. The amount of child support is within the discretion of the trial court, after it has considered both the reasonable and necessary needs of the children and the ability of Dr. Dyas to pay for those needs. The trial court is to set the child support payments at an appropriate amount, considering both of those factors.
The judgment of the Court of Civil Appeals remanding for the trial court to redetermine the award of child support is affirmed, but the Court of Civil Appeals is directed to instruct the trial court to ignore its suggestion that $1,542 per month should be the maximum child support award.
AFFIRMED BUT REMANDED WITH INSTRUCTIONS.
MADDOX, ALMON, SHORES, and HOUSTON, JJ., concur.
KENNEDY, J., concurs in the result.