[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 380 
After two years of marriage, William R. Lester sued his wife, Kimberly Ellen Lester, for a divorce. After ore tenus proceedings, the trial court entered a judgment divorcing the parties and dividing the marital property. The court granted the wife custody of the parties' infant daughter and awarded visitation to the father. The court also awarded the wife $2,000 a month for child support and $1,000 a month for four years as periodic alimony. The husband was ordered to pay the wife $50,000 as alimony in gross and was further ordered to pay $25,000 for the wife's attorney fees and court costs. The husband filed a motion for a new trial, which was denied. The husband appeals.
The husband and wife were married in June 1992. Each had been married before; the husband had one child from his previous marriage, the wife had two children from her previous marriage. In the divorce petition the husband said that the wife was pregnant, but he alleged that the wife had committed adultery and that he might not be the child's father. He asked the trial court to order a paternity test to establish whether he was the child's father. The test results showing that the husband is most likely the child's father is included in the record.
The husband contends that the trial court erred in excluding the testimony of the licensed counselor he and his wife had seen for marriage counseling. When called upon to testify at the hearing, the counselor asserted the psychologist-client privilege, which was waived by the husband but not by the wife. Had the counselor been allowed to testify, the husband says, he would have supported the husband's claims that the wife was "prone to irrational anger and physical violence." Such testimony was admissible, he says, to show the wife's mental state, which, he argues, the trial court should have considered when determining who was to be awarded custody of the parties' infant daughter.
In Matter of Von Goyt, 461 So.2d 821 (Ala.Civ.App. 1984), this court held that in those cases in which "the issue of the mental state of a party to a custody suit is clearly in controversy, and a proper resolution of the custody issue requires disclosure of privileged medical records, the psychologist-patient privilege must yield." The court went on to say that the trial court "has wide latitude in the evidence that it may consider in deciding the proper custody of a child." Matter of Von Goyt, 461 So.2d at 824.
In this case, the husband testified that the wife was subject to "cussing" episodes and often would get into prolonged arguments with him, sometimes resorting to hitting him. This evidence was intended to show the incompatibility of the parties; it had nothing to do with the mother's fitness as a parent. There is no evidence, or even an allegation, that the wife has ever been unable to care for her other children, or that she is in any way an unfit mother. There is also no evidence that the wife suffers from a psychological problem or mental disorder or that she is mentally or physically unable to care for her children. We do not believe the mother's mental state was at issue, at least as far as it concerns her ability to care for the parties' child, and the trial court did not err in excluding the counselor's testimony.
Even if we were to hold that the wife's mental state was in controversy, under Von Goyt in deciding whether the psychologist-client privilege should be waived, the trial court must consider whether such a waiver is required for a proper resolution of the custody issue.
The husband testified that when his wife told him she was pregnant, he was "devastated" and told her to have an abortion. During the wife's pregnancy, he never asked her how the baby was coming along; he never took an interest in the baby; he was not present when the baby was born (in fact, he was out of the state with his girlfriend); and since the birth of the child, he has not gone to see the baby. *Page 381 
There is no evidence that the husband has made any plans or preparations for rearing his daughter if he were to get custody. When asked who would care for the baby while he was at work at the nursing home he owns, he said that he would take his daughter, who is not even 18 months old yet, to work with him "five, six, seven" days a week. There is no evidence that the nursing home has a nursery or other day care facility for children. That the husband would consider taking an infant to work with him up to seven days a week shows that he has not given serious thought to how he would care for the child.
Custody decisions based on ore tenus evidence will not be reversed except for abuse of discretion or in cases in which the judgment is unsupported by the evidence and is plainly and palpably wrong. Jones v. Sprinkle, 621 So.2d 1341, 1342
(Ala.Civ.App. 1993). Based on the evidence before us, we cannot say that the counselor's testimony was required for a proper custody determination in this case. The trial court did not err in excluding the counselor's testimony, nor did it abuse its discretion in entering its judgment awarding the mother custody of the parties' minor child.
The husband also contends that the trial court erred in dividing the marital property and in ordering the husband to pay the mortgage on the marital home. The husband also claims that the amount of insurance he was ordered to provide is excessive.
The trial court ordered the husband to pay the mortgage on the marital home, which the husband estimated to be about $180,000. The wife was awarded the use and possession of the marital home until the minor child reaches the age of majority, or until the wife remarries or cohabitates with a man. Upon the occurrence of either event, the marital home is to be sold and the proceeds divided between the parties. In the meantime, the husband is to pay the mortgage, taxes, and insurance on the residence. The wife also was awarded the car in her possession, as well as all personal belongings and furnishings in her possession, except for certain furniture that had belonged to the husband's mother. The husband was awarded 11 acres of real estate on the river where the husband and wife had intended to build a home, and all of his personal belongings and furniture in his possession. The trial court also ordered the husband to provide all health insurance for the child and to pay any related deductibles for the child. He is also to establish an insurance trust funded by a $500,000 policy naming the minor child as the beneficiary. The court also ordered the husband to pay monthly insurance premiums under COBRA for the wife for three years.
When the trial court is presented ore tenus evidence in a divorce proceeding, its judgment will be presumed correct if it is supported by the evidence. Nowell v. Nowell, 474 So.2d 1128
(Ala.Civ.App. 1985). There are certain factors the trial court should consider in dividing marital property, including the earning ability of the parties, their probable future prospects, their ages, and health, the length of the marriage, and, in appropriate cases, the conduct of the parties regarding the cause of the divorce. Landers v. Landers, 631 So.2d 1043,1044 (Ala.Civ.App. 1993). The division of marital property is within the sound discretion of the trial court, and its judgment will not be reversed absent a showing that it abused its discretion. Wiggins v. Wiggins, 498 So.2d 853
(Ala.Civ.App. 1986).
The record shows that the husband owns the controlling interest in the Gadsden Nursing Home, from which he earns a substantial income. The wife worked for a salary at the nursing home, but has not worked there since the divorce, at the insistence of the husband. The wife quit college when she married the husband, and currently has no employment or training. Tax records show that the husband had an adjusted gross income of $343,811 in 1991; the couple had a joint adjusted gross income of $818,193 in 1992; they had a joint adjusted gross income of $457,008 in 1993; and the husband had an adjusted gross income of $331,737 in 1994.
Based on the record before us, we cannot say the trial court abused its discretion in dividing the marital property, and in ordering the husband to pay the mortgage on the house. We also cannot say that the amount *Page 382 
of insurance the husband was ordered to maintain for the child and wife was excessive.
The husband also contends that the award of periodic alimony was excessive. The trial court awarded the wife periodic alimony of $1,000 a month for four years or until the wife remarries or cohabitates with a man. " 'Periodic alimony' is an allowance for future support of [one former spouse], payable from the current earnings of the [other former spouse]."Lacey v. Ward, 634 So.2d 1013, 1014 (Ala.Civ.App. 1994). "The matter of alimony is entrusted to the discretion of the trial court. This court will not set aside that judgment unless an abuse of discretion is established." Thornburg v. Thornburg,628 So.2d 885, 887 (Ala.Civ.App. 1993). In determining whether to grant alimony, the trial court considers several factors. "These factors include the source of their common property, the ages . . . and health of the parties, their future prospects and station in life, the length of the marriage, and in appropriate cases, the conduct of the parties regarding the cause of divorce." Lutz v. Lutz, 485 So.2d 1174,1176 (Ala.Civ.App. 1986). Again, based on the evidence in the record as outlined above, we cannot say that the trial court erred in its award of periodic alimony.
The husband also argues that the trial court's award to the wife of $25,000 for attorney fees and court costs was excessive. Whether to award an attorney fee in a domestic relations case is within the sound discretion of the trial court and, absent an abuse of that discretion, its ruling on that question will not be reversed. Thompson v. Thompson,650 So.2d 928 (Ala.Civ.App. 1994). "Factors to be considered by the trial court when awarding such fees include the financial circumstances of the parties, the parties' conduct, the results of the litigation, and, where appropriate, the trial court's knowledge and experience as to the value of the services performed by the attorney." Figures v. Figures, 624 So.2d 188,191 (Ala.Civ.App. 1993). Additionally, a trial court is presumed to have knowledge from which it may set a reasonable attorney fee even when there is no evidence as to the reasonableness of the attorney fee. Taylor v. Taylor,486 So.2d 1294 (Ala.Civ.App. 1986).
Clearly, the husband's financial condition is far better than the wife's. He asked for the divorce shortly after finding out the wife was pregnant. Despite his allegation that the wife had committed adultery, the husband provided no evidence of such conduct. The wife's attorneys presented evidence that they had spent 168.65 hours representing the wife in this case, and we note that the record in this case comprises six volumes. Once again, we cannot say that the trial court erred in awarding an attorney fee, nor can we say that that fee was excessive.
The husband also contends that the trial court's award of $2,000 a month for child support was excessive. The current maximum child support obligation for one child prescribed by the Rule 32, Ala. R. Jud. Admin., guidelines is $992 a month in cases in which the parents' combined adjusted gross income is $10,000 per month. Rule 32 provides that when the combined adjusted gross income is more than $10,000, the amount of child support to be awarded is left to the discretion of the trial court. However, this court has held that the trial court does not have unbridled discretion; "the amount of child support awarded must relate to the reasonable and necessary needs of the children as well as to the ability of the obligor to pay for those needs." Dyas v. Dyas, 683 So.2d 971, 973
(Ala.Civ.App. 1995).
"When an order of support . . . far exceeds the reasonable needs of the children, it constitutes 'an abuse of discretion and perhaps appears to be a punishment upon the husband for his conduct against the marriage. . . . However, an excessive order for child support is not a [proper] punishment for such conduct.' " Id., quoting Anonymous v. Anonymous, 617 So.2d 694,697 (Ala.Civ.App. 1993). In reviewing the record, this court could not find evidence to support a finding that a child support obligation of $2,000 a month is rationally related to the reasonable and necessary needs of a child not yet 18 months old. As in Dyas, supra, we believe that the amount awarded to the wife for child support was based solely on the husband's perceived ability to pay. We hold *Page 383 
that the trial court abused its discretion in setting the amount of child support; therefore, that portion of the trial court's judgment awarding $2,000 a month as child support is reversed, and the cause is remanded for the trial court to make an award of child support that is rationally related to the reasonable and necessary needs of the minor child.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
ROBERTSON, P.J., and YATES, and CRAWLEY, JJ., concur.
THIGPEN, J., concurs in part and dissents in part.