I agree with the main opinion that the trial court's judgment must be reversed on the issues of retaining jurisdiction over the alimony-in-gross payments, placing a lien on the Academy's property, and the constitutionality of Ex parte Bayliss,550 So.2d 986 (Ala. 1989).
I believe the judgment awarding $500,000 to the wife as alimony in gross, coupled with the wife's ability to earn a steady income and the husband's declining income, supports the trial court's judgment declining to award the wife periodic alimony. I also believe that the holding of Dyas v. Dyas, 683 So.2d 971
(Ala.Civ.App. 1995), aff'd and remanded 683 So.2d 974 (Ala. 1996), cited in the main opinion, is not contrary to the trial court's judgment; evidence at trial in this case indicated that, although the couple's lifestyle before the divorce included numerous luxuries, the husband's ability to pay for those luxuries was diminishing.
Moreover, to the extent that the trial court awarded the maximum amount of child support under the child-support *Page 160 
guidelines, after imputing total gross income to the husband and to the wife that exceeded the uppermost limit of those guidelines, I cannot agree that such an award amounted to an abuse of discretion. See Bridges v. Bridges, 607 So.2d 289
(Ala.Civ.App. 1992). Because I would defer to the trial court's judgment as to the resolution of those two issues, I must respectfully dissent as to the reversal of the trial court's judgment on those issues.