Clarence Batain, Sr. ("the father"), and Katrina Batain ("the mother") were married in May 1999. The parties separated sometime before September 2002. In December 2003, the mother gave birth to the parties' child. After a short trial in June 2004 at which only the parties testified, the trial court divorced the parties, divided their property, awarded custody of the child to the mother, and ordered the father to pay $1,000 per month in child support. The father appeals the child-support award, arguing that the trial court abused its discretion in setting child support without receiving evidence concerning the needs of the five-month-old child. *Page 284 
The evidence in the record is sparse. The father is a self-employed brickmason; the mother is an optometrist clerk. The father did not file a CS-41 Child Support Obligation Income Statement/Affidavit form as required by Rule 32(E), Ala. R. Jud. Admin.; he did file a CS-42 Child Support Guidelines form indicating that his monthly gross income was $2,917. The mother filed both a CS-41 income affidavit[1] and a CS-42 form indicating that her monthly gross income was $1,600. The mother also testified that her income was $1,600 per month. The father, however, presented his 2003 tax return, which listed his yearly income as only $10,000. He further testified that his business earned $40,000 in 2002. The father admitted that, based on his bank statement from May 2004, he spent $14,154.92 on personal expenses in a 25-day period. He denied, however, that he earned over $14,150 per month or a yearly income of over $169,800.
The trial court's judgment regarding child support reads:
 "The Court will order [the father] to pay the amount of $1,000 per month as child support. (Child support is in excess of the Guidelines of Rule 32, [Ala. R. Jud. Admin.,] and is based on the relative financial positions of the parties and the difficulty in ascertaining the [father's] true income.) . . ."
The trial court did not complete a CS-42 form, nor does its judgment indicate what it determined the father's monthly income to be; the monthly child-support obligation ordered by the trial court does not comport with either of the parties' respective CS-42 forms. Because the trial court stated that it had purposefully deviated from the child-support guidelines in setting the father's child-support obligation, it must have concluded that the parties' combined income was less than $10,000 per month and thus that the child-support award was subject to the guidelines.
On appeal, the father argues that a child-support award in cases where the parties' combined gross income exceeds $10,000 per month is left to the discretion of the trial court. See
Rule 32(C)(1), Ala. R. Jud. Admin., and Dyas v. Dyas,683 So.2d 971, 973 (Ala.Civ.App. 1995). The father correctly points out that a child-support award in such situations must "relate to the reasonable and necessary needs of the children as well as to the ability of the obligor to pay for those needs." Dyas,683 So.2d at 973. The father complains that the $1,000 monthly child-support obligation does not relate to the needs of the five-month-old child of the parties. Thus, he argues that we should reverse the child-support award on that basis.
We disagree. Although the father correctly states the law on this issue, the trial court, arguably, has not determined that the parties' monthly gross income exceeds $10,000. As noted above, it appears that the trial court concluded that the guidelines did apply to the child-support determination in the present case. In light of this fact, we cannot base our reversal of the trial court's judgment on Dyas.
As noted above, the trial court did not complete a CS-42 form and the child-support obligation set by the court does not correspond to either of the CS-42 forms contained in the record. Rule 32(E) requires that a CS-42 form be incorporated into every child-support judgment, and *Page 285 
we have reversed trial courts for failing to complete CS-42 forms when we could not discern the basis for the child-support award from the record. See Kirkland v. Kirkland, 860 So.2d 1283, 1291
(Ala.Civ.App. 2003); Fomby v. Fomby, 840 So.2d 919, 921
(Ala.Civ.App. 2002); Fowler v. Fowler, 773 So.2d 491, 495
(Ala.Civ.App. 2000), overruled in part by J.L. v. A.Y.,844 So.2d 1221, 1225 (Ala.Civ.App. 2002); and Dunnavant v.Dunnavant, 668 So.2d 851, 853 (Ala.Civ.App. 1995), overruled inpart by J.L. v. A.Y., 844 So.2d 1221, 1225 (Ala.Civ.App. 2002). Because we cannot discern the basis for the trial court's child-support judgment in the present case, we reverse the judgment and remand this cause for further proceedings.
On remand, the trial court should order that the father complete a CS-41 income affidavit with supporting documentation and complete a CS-42 form indicating what it determines the father's monthly income to be. The trial court should then award child support accordingly, either in compliance with the guidelines, in compliance with Dyas,[2] or, if the trial court believes a deviation from the guidelines is warranted, with the necessary statement of reasons for the deviation as required by Rule 32(A)(1).
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, PITTMAN, MURDOCK, and BRYAN, JJ., concur.
[1] The mother's CS-41 income affidavit was unsigned; however, because the mother's testimony concerning her income was identical to the information provided on the CS-41 income affidavit and was undisputed, we conclude that the lack of her signature is inconsequential.
[2] We note that, if the parties' combined gross monthly income exceeds $10,000, the filing of CS-41 income affidavits and CS-42 forms are not necessarily required because an award of child support in that circumstance would not be governed by Rule 32.See Floyd v. Abercrombie, 816 So.2d 1051, 1057 (Ala.Civ.App. 2001); see also O'Neal v. O'Neal, 678 So.2d 161, 165
(Ala.Civ.App. 1996). However, in Floyd and O'Neal, the fact that the parties' combined monthly gross income exceeded $10,000 was undisputed. In the present case, the father's income is heavily disputed.