MOORE, Judge,
concurring in the result.
Rule 32, Ala. R. Jud. Admin., provides that child support is payable from the income of parents. “Gross income,” for child-support purposes, includes Social Security benefits. Rule 32(B)(2)(a), Ala. R. Jud. Admin. By federal law, Social Security “child’s insurance benefits” are payable to minor children who are dependent upon an individual entitled to old-age insurance benefits. 42 U.S.C. § 402(d)(1). Child’s insurance benefits may be made payable to the child’s custodial parent as a “representative payee,” see 42 U.S.C. 405(j)(l)(A) and 20 C.F.R. § 416.621(a)(1), but the custodial parent may expend those funds only for the use and benefit of the child, 20 C.F.R. § 416.635, including the current maintenance of the child. 20 C.F.R. § 416.640. Binding Alabama case-law holds that Social Security child’s insurance benefits should be included as income of the parent on whose account the dependent benefits are paid. Dinkel v. Dinkel, 598 So.2d 918, 920 (Ala.Civ.App.1991). It naturally follows that, when a child receives Social Security child’s insurance benefits on account of the old age of the noncustodial parent, those benefits, as a matter of law, should be considered child support paid from the income of that parent and should be applied to the child-support obligation of that parent.
Rule 32(C)(1), Ala. R. Jud. Admin., allows a trial court to use its “discretion” in “determining” child support when the combined adjusted gross income of a child’s parents exceeds $20,000 per month. As previously construed by this court, that language refers to the power of a trial court to use equitable principles to calculate an amount of child support that would allow the child to maintain the lifestyle the child would have enjoyed if not for the divorce of the parents. See Dyas v. Dyas, 683 So.2d 971, 973-74 (Ala.Civ.App.1995). So construed, the discretion afforded to a trial court by Rule 32(C)(1) relates solely to its decision as to the establishment of a parent’s child-support obligation. That discretion does not extend to the separate question regarding the satisfaction of the established child-support obligation.
In this case, William Clyde Adams, Sr. (“the father”), and Phoebe Nicole Adams (“the mother”) agreed in their divorce proceedings in 2007 that the father would pay $2,000 in monthly child support for the benefit of E.A. (“the child”), would provide medical insurance for the child, would pay the child’s private-school tuition, and would contribute to the child’s trust fund and college-savings fund. In that agreement, which was incorporated into the parties’ divorce judgment, the parties stipulated “that the child support Ordered herein is a fair and reasonable amount and is sufficient to provide appropriately for the minor child’s care and support.” As part of the underlying proceedings, the mother petitioned the Tuscaloosa Circuit Court (“the trial court”) to increase the father’s child-support obligation, but the trial court denied that petition on the ground that the mother had failed to show any material change in the needs of the child since the entry of the original child-support order.
In ruling on the separate question whether the father should receive a credit for the Social Security child’s insurance benefits the child receives, the trial court was not “determining” child support, an issue that it had already decided adversely to the mother based on the evidence. The trial court was deciding a question of law regarding whether the Social Security *205 child’s insurance benefits received by the child should be considered a form of child support that should be credited against the father’s already established child-support obligation. The “discretion” in Rule 32(C)(1) does not relate to the credit inquiry undertaken by the trial court and does not provide any basis for holding that Social Security child’s insurance benefits cannot be considered child support in cases in which the income of the parents exceeds the uppermost limits in the child-support schedule.
In my opinion, the judgment of the trial court is due to be reversed because, as a matter of Alabama law, the father is entitled to a credit against his $2,000 monthly child-support obligation for the $1,163 in child’s insurance benefits paid monthly to the child on account of her entitlement to a portion of the father’s old-age Social Security insurance benefits.
BRYAN, J., concurs.